NELLIE ELWOOD *vs.* THE CONNECTICUT RAILWAY AND
LIGHTING COMPANY.

Third Judicial District, New Haven, June Term, 1904.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

On a hearing in damages after default in an action for negligence,
the burden is upon the defendant to either disprove its own neg-
ligence or to prove contributory negligence of the plaintiff, in
order to escape a judgment for substantial damages. .

The finding of the trial court that such burden has not been met must
stand, unless the facts found show as matter of law either the con-
tributory negligence of the plaintiff, or the absence of such neg-
ligence of the defendant.

It is the duty of a street-railway company to afford every passenger a
reasonably safe opportunity to alight from the car.

While the defendant's street-car was approaching its terminus and
moving so slowly that the motion was practically imperceptible
to the passengers, the conductor called out, "Westport, change
for Norwalk," alighted, and began preparing for the return trip,
whereupon the plaintiff, a woman, believing that the car had
stopped, stepped off with other passengers, but was thrown down
by the motion and injured. *Held:*—

1. That a finding to the effect that the defendant had not proved
plaintiff's negligence, nor disproved its own, would not be dis-
turbed.

2. That the question whether the words and acts of the conductor
amounted to an invitation to the plaintiff to step out of the car
when she did, was, under the peculiar circumstances, a question
of fact rather than of law.

Argued June 7th—decided August 12th, 1904.

ACTION to recover damages for personal injuries alleged
to have been caused by the defendant's negligence, brought
to and heard in damages by the Court of Common Pleas
in Fairfield County, *Curtis, J.;* facts found and judgment
rendered for the plaintiff for $1,000, and appeal by the
defendant. *No error.*

The complaint in this case contained these allegations :
The plaintiff was a passenger on one of defendant's cars.
While the car was in motion the conductor of the car

"carelessly and negligently called out, 'Westport, change for Norwalk and Saugatuck,' and stepped off of said car."

The defendant suffered a default, and upon the hearing in damages the court found these facts: The plaintiff was a passenger upon the defendant's electric car, and was injured when alighting from it while the car was in motion. The accident occurred May 2d, 1902, at about 7:50 p. m., when it was dusk but not dark, and in a highway which was fairly well lighted. As the car, which was an ordinary closed car, was nearing the terminus of the defendant's road at Westport, and was moving slowly, which was apparent to the passengers, the conductor called into the car, "Westport, change for Norwalk and Saugatuck," and left the platform and began putting up the rear fender. When the conductor left the car it was moving very slowly and was practically at the terminus of the road.

The plaintiff shortly thereafter, in the exercise of due care, and believing from the conductor's call and conduct and the appearance and location of the car that it had fully stopped, went to the rear platform and stepped off "at right angles to the line of the car, and without holding on." The car was in fact moving slightly, but practically imperceptibly to a passenger, and the plaintiff in stepping off was given just enough momentum to cause her to fall. When the plaintiff arose to leave the car several passengers had arisen and were leaving the car, and at least one had alighted before the plaintiff. The car moved forward from four to six feet after the plaintiff alighted. The conductor stood at the rear of the car working at the fender, and could see the passengers alighting, but gave no warning that the car was in motion.

The finding states that the court was unable to find from the testimony whether the car had come to a stop and then moved forward, or did not stop at all after the conductor called out; and that it did not find from the evidence that the defendant was not guilty of negligence, nor that the plaintiff was guilty of negligence, but ruled that the facts found did not show that the defendant was not negligent as

charged in the complaint, nor that the plaintiff was guilty of contributory negligence.

Judgment was rendered for the plaintiff for $1,000 damages.

*William T. Hincks,* for the appellant (defendant).

*Elmore S. Banks* and *William A. Redden,* for the appellee (plaintiff).

HALL, J.   The effect of the admission by the defendant of the averments of the complaint, by suffering a default, was to impose upon it the burden of either disproving its alleged negligence, or proving the plaintiff's contributory negligence, in order to escape liability for the full amount of damages proved by the plaintiff.   Without deciding the question either of negligence or contributory negligence, the trial court found the facts which were proved, and ruled that by proof of these facts the burden so placed upon the defendant had not been sustained.   If the facts found show, as matter of law, either that the defendant was not negligent, as alleged, or that the plaintiff was guilty of contributory negligence, the judgment of the trial court was erroneous, otherwise it must stand.

The substance of the charge of negligence in the complaint is, that by the alleged language and conduct of the conductor, under the circumstances set forth, the plaintiff was fairly induced to step from the car while it was in motion. The defendant is therefore obliged to claim, as matter of law, either that no such effect can be given to the words and acts of the conductor upon the facts found, and that the facts therefore necessarily and of themselves prove that the defendant was not guilty of the negligence alleged, or that such facts show, as a matter of law, that the plaintiff was guilty of contributory negligence in stepping from the car while it was in motion.

We can sustain neither of these claims.   In *England* v. *Boston & Maine Railroad,* 153 Mass. 490, *LaPointe* v.

*Boston & Maine Railroad*, 179 id. 535, and *Lewis* v. *London, C. & D. Ry. Co.*, 9 L. R. Q. B. 66, cited by defendant— which were cases of accidents in alighting from steam cars— the court in each case, with the evidence before it, passed upon the question of whether the verdict of the jury should be set aside, rather than upon the question of the legal effect of certain established facts. In the two Massachusetts cases it was held that the evidence showed that the plaintiff failed to exercise due care, since in one case it appeared that she knew, and in the other that she ought to have known, that the car was in motion when she alighted. In the case at bar it is found that when the plaintiff alighted, after the announcement of the conductor, the car was practically at the terminus of the road, and that the plaintiff, in the exercise of due care, believed from its location and from the call and conduct of the conductor, that the car had stopped, its motion being practically imperceptible to her. These facts fall far short of showing contributory negligence, either as a matter of fact or law. In *Lewis* v. *London, C. & D. Ry. Co.*, 9 L. R. Q. B. 66, it was held that evidence that a railroad official called out the name of the station at which the plaintiff was to alight, as the train was approaching it, was not sufficient proof that the plaintiff was induced by the acts of the defendant's servants to get out at the place where the train stopped, it appearing that she was familiar with the place and knew that her car was not alongside the station platform, and that she must have believed that the train, which had passed the platform, would come back to it; and that therefore there was no evidence upon which the jury could reasonably have found negligence upon the part of the defendant.

The facts in the present case are materially different. Here it does not appear that the plaintiff had any reason to suppose that she was not to get out at the time and place she did, and it does appear that from the conductor's call and conduct, and the appearance and location of the car, she did believe that it was intended she should alight at that time and place.

It was the duty of the defendant to afford the plaintiff a reasonably safe opportunity to alight from the car. If the circumstances stated which induced her to believe that it was intended she should alight as she did, and that she might do so with safety, were such as to warrant that belief, and no warning was given her of any danger, the defendant failed to perform that duty. *Cockle* v. *London & S. E. Ry. Co.*, 7 L. R. C. P. 321. In the present case such belief of the plaintiff having been shown, the defendant, with the burden of proof upon it, was required, in order to establish its freedom from negligence, to show either that the alleged reasons for the plaintiff's belief did not exist, or that they were not sufficient to justify such belief.

Whether the acts and conduct of the conductor amounted to an invitation to the plaintiff to get out of the car when she did, was, in this case, rather a question of fact than of law. *Whittaker* v. *Manchester & S. Ry. Co.*, 5 L. R. C. P. 464, note 3; *Taber* v. *Delaware, L. & W. R. Co.*, 71 N. Y. 489; *Pennsylvania R. Co.* v. *White*, 88 Pa. St. 327. From the fact that the conductor made the announcement under the circumstances described, and that then, instead of remaining upon the platform or near it and preventing passengers, and especially females, from getting off the car while it was still in motion, or aiding them in alighting, he stepped from the platform in the manner stated in the finding, we think it might properly have been held that the defendant was negligent, and that the plaintiff was justified in believing that it was intended she should alight when she did, and that she might safely alight as she did. Upon these facts the trial court committed no error in ruling that the defendant had failed to prove that it was not negligent as alleged. *Weller* v. *London, B. & S. C. Ry. Co.*, 9 L. R. C. P. 126; *McGee* v. *Missouri Pacific Ry. Co.*, 92 Mo. 208, 218; *Englehaupt* v. *Erie R. Co.*, 209 Pa. St. 182, 58 Atl. Rep. 154.

There is no error.

In this opinion the other judges concurred.