EDWARD TENNEY *vs.* THE BAIRD MACHINE COMPANY.

Third Judicial District, New Haven, January Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

The plaintiff, an employee, was crushed by a heavy machine while trying to prevent its tipping over; according to his own testimony, he knew the work to be dangerous. *Held* that he assumed the risks which he encountered in this, his ordinary, employment, and that a motion to set aside a verdict in his favor should have been granted.

In the case of an appeal from a refusal to set aside a verdict, ordinarily only the pleadings, judgment, and evidence should be made part of the record, and not the charge or a finding of facts.

Where, however, issues presented by the pleadings have been withdrawn from the jury by the court, or by agreement of the parties, after evidence to establish them has been introduced, a finding to

that effect should be made in order that the precise issue passed upon by the jury may appear on the record; but the entire charge should not be incorporated into the record.

The correctness of a refusal to direct a verdict is to be determined by the same considerations which would subsequently apply with regard to a refusal to set aside the verdict.

Argued January 19th—decided March 7th, 1912.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Holcomb, J.;* verdict and judgment for the plaintiff for $3,000, and appeal by the defendant. *Error and new trial ordered.*

*E. Henry Hyde* and *William C. Hungerford,* with whom was *Michael J. Byrne,* for the appellant (defendant).

*James M. Lynch,* for the appellee (plaintiff).

THAYER, J. The thirteenth paragraph of the complaint alleges that the plaintiff was a common laborer at the time of his injury, and had no knowledge of mechanics, and did not appreciate nor understand the danger of the work he was performing, that he was not instructed nor warned of such danger by the defendant, and that the latter understood the danger to which the plaintiff was exposed in the work which he was set to perform. There were other allegations of negligence, but these were withdrawn from the jury by the court in its charge. The only issues for the jury, therefore, were those raised upon the allegations of the thirteenth paragraph, which were denied by the answer, and upon the allegations of the answer that the plaintiff assumed the risk of his employment, and that his injuries were caused by the negligence of his fellow-servants, which were denied by the reply.

The plaintiff was employed as a general laborer or helper in the defendant's machine-shop. He was a man forty-five years of age; whether a native of this country does not appear, but it does appear that he has resided in this State twenty-two years. At the time of his injury he had been employed in the defendant's factory for more than a year. It was a part of his employment to move and to assist in moving and shipping the machines manufactured by his employer. A machine weighing twenty-nine hundred pounds was being lowered from temporary to permanent skids for shipment, when it toppled over upon the plaintiff, and caused the injury of which he complains. He was at the time holding on to the machine "to keep it safer on the skids," and to prevent it tipping over. This appears from his own testimony, as well as that of the defendant's witnesses. He also testified that he knew that the work in which he was employed was dangerous. It thus appears that he knew and appreciated the risks which he encountered in this, which was his ordinary, employment, and he must be held to have assumed them. The verdict, therefore, was not warranted by the evidence, and the motion to set it aside should have been granted.

An appeal for a refusal to set aside a verdict ordinarily brings before us only the pleadings, the judgment, and the evidence before the trial court. A finding of facts ordinarily is not necessary, nor is the charge properly to be made a part of the record. Where, however, several causes of action, or several issues of fact presented by the pleadings, have been withdrawn from the jury by the court, or by agreement of the parties, after evidence to establish them has been introduced, it is manifest that such fact should, by a finding or in some other way, be brought into the record, in order that the precise issue passed upon by the jury may there

appear.   Otherwise this court cannot know from the record what issues the jury in fact decided, or that their verdict was not founded upon the withdrawn issues.

In the present case the appellant obtained a transcript of the evidence and of the judge's charge and filed it with the clerk, together with a motion (not printed in the record) that "the evidence and rulings in the case, a copy of which duly certified by the stenographer, has been filed with the clerk be made a part of the record on appeal."   This motion was granted, as appears by a memorandum of the judge on the file.   The judge also certified the stenographer's transcript as being a correct transcript of all "the evidence and rulings" in the case.   No question was made upon the argument that the rulings contained in the charge limiting the issues to those which were presented upon the thirteenth paragraph of the complaint were not in fact made, or that the charge is not properly a part of the record. We have had some hesitation in treating the charge as properly before us as a part of the record, and thus bringing before us the rulings referred to.   But the only rulings important to the defendant upon its appeal were these, and it is apparent that it was the purpose of the motion, so understood by the court, that the charge should become a part of the record, to indicate that those rulings were made.   We have therefore treated the charge and the rulings contained therein, as being before us.

The court, by a brief finding, could have brought into the record the fact that only those questions of negligence raised upon the thirteenth paragraph of the complaint were submitted to the jury.   This was the proper course to have been pursued.   It was improper to make the entire charge a part of the record.

The defendant makes no claim that it was injured by

the court's refusal to direct a verdict so far as concerns the issues of fact which were later withdrawn from the jury by the charge, and we have no occasion to consider questions which are involved in the action of the court in withdrawing issues from the jury. So far as related to the other issues, the correctness of the court's action in refusing to direct a verdict is to be determined by the same considerations which apply in respect to its subsequent action in refusing to set aside the verdict. These have already been stated and need not be repeated.

There is error and a new trial is ordered.

In this opinion the other judges concurred, except RORABACK, J., who dissented.