JEANETTE O'BRIEN *vs.* THE CONNECTICUT COMPANY.

Third Judicial District, Bridgeport, April Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

A verdict which is inconsistent and irreconcilable with the facts found manifestly cannot stand.

In an action for personal injuries alleged to have been caused by the defendant's negligence, written interrogatories covering all the material facts in issue were propounded by the trial judge to the jury, and all of them were answered in favor of the defendant, but a verdict was nevertheless rendered for the plaintiff to recover damages. *Held* that the trial court acted properly in setting aside such verdict.

There is no reason for printing the entire charge, merely to show how the jury were instructed upon a given point: a brief statement in the finding suffices for that purpose.

Argued April 11th—decided June 3d, 1922.

ACTION to recover damages for personal injuries alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the jury before *Greene, J.;* verdict for the plaintiff, which, on motion of the defendant, the trial court set aside and granted a new trial, and appeal by the plaintiff. *No error.*

*Charles S. Hamilton* and *William J. Carrig,* for the appellant (plaintiff).

*Harrison T. Sheldon* and *William B. Gumbart,* for the appellee (defendant).

BURPEE, J. The only error which the appellant claims to have occurred in the trial of this action and has assigned for reason of appeal, is the setting aside of the verdict because the evidence was not sufficient to support it.

The complaint alleged that the defendant was negligent in anchoring a diving raft in Long Island Sound by means which caused a dangerous, concealed obstruction under the water, liable to injure any person who should dive from the raft; and that the plaintiff dove from the raft and came in contact with this obstruction "which was a part of the means of anchoring the raft, and was injured thereby."

During the trial the plaintiff produced one Freeland as a witness, who testified that he was a general contractor occasionally employed by the defendant; that in the spring of 1919 he was employed by the defendant to place a diving raft, on a bathing beach on the shore of the Sound in front of the defendant's premises, in its usual position and at a safe distance from a pier projecting into the Sound, to which concrete anchors were attached; that he did this work accordingly; that later in the summer the defendant employed him to repair the damages done on this bathing beach by a storm; that he found that the diving raft had drifted on to the shore, and he put it back in the position where he had placed it in the spring; that after he had completed all the work he had been employed to do and he was about to leave the premises to go home, a man named Swift directed him to move the raft to a position which he pointed out and which was much nearer to the concrete anchors of the pier; that Swift directed the raft to be moved for his own purposes and ad-

O'Brien *v.* Connecticut Co.

vantages; that the witness, under Swift's directions, moved the raft to the location indicated by Swift and left it there in July, 1919. This testimony was not disputed. The plaintiff was injured on July 26th, 1919. It appears in the evidence that the man named Swift was the manager of a company to which the defendant had leased the premises on which the pier and raft were located for a term of years, to be used and controlled by this company in conducting the business of a summer resort and bathing beach. There was no evidence that the defendant had any knowledge or notice, actual or imputed, of this change in the position of the raft.

After all the evidence had been produced and the arguments nearly finished, the plaintiff moved to amend this complaint for the stated reason "that the real case which was tried before the jury on the evidence should be before them under the complaint." The court granted this motion and permitted the amendment, which contained the additional allegation that the defendant was negligent in placing the diving raft so near to the concrete anchors of the pier that it was unsafe for persons to dive from the raft, and that the plaintiff in diving was injured by striking either one of these anchors of the pier or the previously described obstruction which was a part of the means of holding the raft in its position.

The court submitted to the jury three questions in writing, to be answered and returned with their verdict, namely: "1. Did the plaintiff sustain her injury by striking against one of the anchors of the pier float? 2. Was the anchor shown in defendant's Exhibit 1, one of the anchors which moored the pier float? 3. Was the raft, when finally left by Freeland before the accident, placed in the position where Freeland left it at the direction of Swift?"

In its charge the court also directed the jury to render a verdict for the defendant "if they should find that the raft, when finally left by Freeland before the accident, was placed in the position where he left it at the direction of Swift."

The jury answered in the affirmative all the questions submitted to them, but rendered a verdict for the plaintiff. Thus they not only disregarded the explicit instruction of the court, but returned a verdict which was inconsistent and irreconcilable with the facts they had found. Their finding of facts is well supported by the evidence before us in the record, and no claim has been suggested that they did not reach their conclusion reasonably and according to the principles of law. If the diving raft was moved into a position near to the pier and left there by Freeland under the directions of Swift and when Freeland was not in the employment of the defendant, and the plaintiff was injured by striking one of the anchors of the pier, it was Swift's act which, followed by his invitation to use the raft for diving, without notice of danger, was the proximate cause of the plaintiff's injuries. That is, the jury determined that these injuries were not caused by the negligence of the defendant in the manner set out either in the original complaint or in the amendment. It found the issues for the defendant and a general verdict for the plaintiff. The jury themselves have decided that the evidence to support such a verdict was not only not sufficient, but was entirely lacking. Logically and legally a verdict for the defendant was required. The verdict returned by the jury demonstrated conclusively that, in spite of the instruction of the court, they had made a mistake in the application of legal principles. Hence it was necessary to set aside their verdict.

No other resaon has been assigned in this appeal.

The entire charge of the court, which has been printed as a part of the record by request of the defendant, is not a part of this appeal. In no particular is it claimed to be erroneous. By a brief finding the court brought into the record the fact that it instructed the jury to render a verdict for the defendant if they found that the diving raft was placed by the direction of Swift in the position where Freeland finally left it. That was sufficient for every purpose intended by this appeal. "It was improper to make the entire charge a part of the record." *Tenney* v. *Baird Machine Co.*, 85 Conn. 333, 336, 82 Atl. 639; *Suga* v. *Haase*, 95 Conn. 208, 110 Atl. 837; *Johnson* v. *Bullard Co.*, 95 Conn. 252, 111 Atl. 70.

There is no error.

In this opinion the other judges concurred, except GAGER, J., who concurred in the result, but died before receiving the opinion.