MAE SHEEHAN *v.* CHARLES SETTE ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, JS.

Argued June 2—decided July 13, 1943.

*Morris Tyler,* for the appellants (defendants).

*Jeremiah D. Shea,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellee (plaintiff).

ELLS, J. The defendants owned a three-family house situated on a high embankment and reached by walking up nine cement steps from the public sidewalk to a platform from which five or six wooden steps lead to the front entrance. The plaintiff, a tenant in one of the apartments, started up the steps at about 11.30 o'clock on the morning of February 8, 1941, slipped on the second or third concrete step, which was covered with a sheet of ice, fell and was injured. A verdict was rendered for her, the court refused to set it aside and the defendants appealed, claiming only that the defect had not existed long enough to give them constructive notice of its existence and a reasonable opportunity thereafter to remedy the defect, and that the plaintiff was guilty of contributory negligence as a matter of law.

There was direct evidence from which the jury could reasonably have concluded that the steps had been slippery for about four and three-fourths hours. A warm and very heavy rain ceased at midnight, the temperature began to fall, and when the plaintiff left the house at about 6:45 in the morning the steps were wet and slushy and it was beginning to freeze. The temperature continued to drop; before 9 o'clock the streets and sidewalks were beginning to be slippery and continued thereafter to get more slippery. When the plaintiff returned to the house at about 11:30, there was ice on the sidewalk in front of it, the step in question was covered with a sheet of glare ice and there was ice also on the other steps. The defendants lived only two or three blocks away.

In such a situation, the question as to the length of time a defect must exist in order that the owner may be charged with notice or knowledge thereof depends very largely upon the nature of the defect and the facts of the particular case. The familiar rule is that

the primary duty of the landlord as to such premises is to use reasonable care to see that they are kept reasonably safe. Liability for a breach of that duty will arise only if it appears that he either knew of a defect or was chargeable with notice of it because had he exercised a reasonable inspection of the premises he would have known of it. *Newell* v. *Weisman*, 113 Conn. 744, 746, 156 Atl. 886. *Laflin* v. *Lomas & Nettleton Co.*, 127 Conn. 61, 64, 13 Atl. (2d) 760. The defect in the instant case was readily discoverable. The jury might have reasonably concluded that in the performance of a reasonable duty to inspect the premises the defendants would have discovered the defective condition which caused the plaintiff's fall in ample time to remedy it before the accident; and under such circumstances the fact that they had no actual knowledge of the defect is not of moment.

In *Drible* v. *Village Improvement Co.*, 123 Conn. 20, 24, 192 Atl. 308, we sustained the trial court in setting aside a verdict for the plaintiff; there was no basis in the evidence from which the jury could have concluded that the condition had existed for any particular length of time, and the length of time the ice had been on the steps was, upon the record, a mere matter of speculation.

The plaintiff knew of the slippery condition of the steps. There was a handrail at the right, which she did not take hold of. The defendants claim that in failing to take this simple precaution, in the face of a known danger, she was guilty of contributory negligence. The evidence is, however, that she ascended on the left of and abreast of her sister, who grasped the rail with her right hand and with her left arm had hold of the plaintiff's right arm. Whether the plaintiff's conduct was that of a reasonably prudent person

298

under the circumstances presented a question of fact for the jury.

Thirteen pages of the record are taken up by a transcript of the charge to the jury. This has no place in the record on an appeal from the denial of a motion to set aside a verdict on the ground that it is not supported by the evidence. *Tenney* v. *Baird Machine Co.*, 85 Conn. 333, 335, 82 Atl. 639; *O'Brien* v. *Connecticut Co.*, 97 Conn. 419, 423, 117 Atl. 498.

There is no error.

In this opinion the other judges concurred.