LINDA ANDREA ET AL. v. THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY

BALDWIN, WYNNE, DALY, KING and MURPHY, Js.

Argued April 3—decided April 24, 1957

*Edwin H. Hall,* with whom, on the brief, was *Thomas P. Hackett,* for the appellant (defendant).

*Anthony L. DiLorenzo,* with whom was *Salvador A. Fasi,* for the appellees (plaintiffs).

KING, J. The named plaintiff, hereinafter called the plaintiff, was a passenger on the defendant's train. She had a verdict of $1500 for personal injuries sustained by her as the result of a fall which occurred, between 10 and 11 o'clock in the evening, as she was descending the steps of a railway coach at the Hartford station. Her husband was awarded $500 for her medical expenses. The defendant has appealed from the judgment on the verdict, and the sole error assigned is the court's denial of a motion to set aside the verdict.

The trial court filed no memorandum of decision explaining its denial of the motion, thus leaving this court without any information as to the underlying reasoning. The action of the trial court in refusing to set aside the verdict is, nevertheless, entitled to great weight. *McWilliams* v. *American Fidelity Co.,* 140 Conn. 572, 575, 102 A.2d 345.

The defendant's brief discloses that its precise claim is a rather narrow one. This claim is that the plaintiff testified that the sole proximate cause of her fall was the wet and slippery condition of the steps of the coach; that the specification of negligence in that regard was taken from the jury by the court because there was no evidence from which the jury could find that the defendant had actual or constructive notice of the wet and slippery condition; and that it necessarily follows that the plaintiff's verdict must have been without support in the evidence. Whether this claim is sound depends upon the specifications of negligence which were submitted to the jury and the evidence presented at the trial.

The plaintiff seemed to concede the accuracy of the defendant's statement as to the specification of negligence withdrawn from the jury, and for the purposes of this appeal it will be assumed to be correct. In the interest of proper practice, however, it should be pointed out that such a statement should be formally incorporated into the record, either by stipulation of the parties or in a brief finding by the court. *Tenney* v. *Baird Machine Co.,* 85 Conn. 333, 335, 82 A. 639; Maltbie, Conn. App. Proc. (2d Ed.) § 185, p. 227. This rule applies with especial force in this case because of the court's failure to file any memorandum of decision in explanation of its refusal to set aside the verdict.

It is also assumed, in the absence of an assign-

ment of error addressed to the charge, that the instructions on applicable principles of law were correctly stated and were followed by the jury. *Zenik* v. *O'Brien,* 137 Conn. 592, 597, 79 A.2d 769.

In the complaint it was alleged, in brief, that the defendant was negligent in that (a) the coach steps were unlighted and dangerous; (b) the steps were wet and slippery, and the defendant failed to provide a porter or other safeguard for passengers alighting from the coach when it had actual or constructive notice that the steps were wet, slippery, unlighted and dangerous; (c) the distance from the bottom step to the station platform was inordinately high and deceptive, and the defendant failed to provide a stepping platform by which the plaintiff could have stepped from the bottom step to the station platform; and (d) the defendant caused the plaintiff to alight in a dark and unlighted portion of the station in complete contrast to the well-lighted coach from which she was alighting.

The removal of the specification of negligence as to the wet and slippery condition of the steps did not, of course, withdraw from the jury any of the other specifications of negligence. These included the balance of subdivision (b), which in effect charges negligence in a failure to provide a porter or other safeguard for passengers when the defendant knew, or in the exercise of reasonable care should have known, that the steps were unlighted and dangerous. While the jury were not at liberty to find that the steps were dangerous because of their wet and slippery condition, the plaintiff could still offer evidence as to any other condition which she claimed made them dangerous.

As far as appears, the defendant had control of the methods of exit from its train and could permit

the use of only such exit steps as its personnel could man. Instead of this, it permitted passengers, including the plaintiff, to make use of exit steps where it had no one to assist them. Such permission could be found to constitute an invitation to use these steps. *Elwood* v. *Connecticut Ry. & Lighting Co.*, 77 Conn. 145, 149, 58 A. 751.

To the plaintiff, as a passenger, the defendant, admittedly a common carrier of passengers for hire, owed the duty "to use the utmost care consistent with the nature of its business to guard its passengers against all dangers which might reasonably and naturally be expected to occur, in view of all the circumstances." *Robinson* v. *Connecticut Co.*, 122 Conn. 300, 301, 189 A. 453; *Dokus* v. *Palmer*, 130 Conn. 247, 250, 33 A.2d 315; *McMahon* v. *New York, N.H. & H.R. Co.*, 136 Conn. 372, 374, 71 A.2d 557; *Pillou* v. *Connecticut Co.*, 143 Conn. 481, 483, 123 A.2d 470. The verdict of the jury must be tested in the light of this special duty and not under the rule of a mere failure to exercise reasonable care.

The jury are entitled to draw reasonable inferences from the testimony. The test is, not that the inference must unavoidably and unerringly point in one direction, but, rather, whether the rational mind could with reasonableness draw the inference. If two rational minds could reasonably draw different inferences from facts in evidence, whether controverted or uncontroverted, the decision is for the jury. *Cagianello* v. *Hartford*, 135 Conn. 473, 476, 66 A.2d 83; *Lemmon* v. *Paterson Construction Co.*, 137 Conn. 158, 162, 75 A.2d 385.

The jury might have found from the testimony of a defendant's witness that the distance to the ground from the lowest of the three steps on the passenger coach was fourteen or fifteen inches; that not in-

frequently passengers have difficulty in alighting because of the height of this step, and that this difficulty was known to the defendant; that while members of the train crew ordinarily assist passengers in alighting from coaches, no porters or additional personnel are provided for this service by the defendant; that the train from which the plaintiff alighted consisted of ten to fifteen cars and the train crew consisted of but five men.

It is true that certain of the excerpts from the testimony of the plaintiff support the defendant's claim that she fell because of the wet and slippery condition of the steps. If this were her only version of the cause of her fall, the defendant's claim would be correct and a plaintiffs' verdict could not stand. The jury might have found from other portions of the plaintiff's testimony, however, that there was no one to assist her as she descended the steps, and that as she did so she was holding onto the handrail with one hand because the steps were wet and slippery; that the coach was well lighted and, as she came out into the comparative darkness of the station, she thought there was a footstool on the platform beneath the bottom step because there always had been on trains she had previously taken; that she let go of the handrail and "went for" the footstool; that then her foot slipped on the bottom step and she fell, not only because of the wet and slippery condition of the steps but also because of the height of the bottom step and the absence of any person to assist her in descending the steps. It was the province of the jury to determine which, if either, of the plaintiff's conflicting statements as to the cause of her fall was accurate. Neither version amounted to a judicial admission under our rule. *Kanopka* v. *Kanopka,* 113 Conn. 30, 38, 154 A. 144.

The jury might reasonably have inferred that the defendant was negligent in not supplying personnel to assist passengers in alighting from this high step either by placing a footstool under it or by taking a passenger's arm, and that the failure so to do was, under all the circumstances, including the condition of lighting, a proximate cause of the plaintiff's fall. This would justify a conclusion that the plaintiff had proven actionable negligence within the purview of the specifications of negligence submitted to the jury. It is presumed, especially in the absence of anything to indicate the contrary, that the jury accepted the evidence which was consistent with the verdict. *Long* v. *Savin Rock Amusement Co.,* 141 Conn. 150, 155, 104 A.2d 221.

There is no error.

In this opinion BALDWIN, WYNNE and DALY, Js., concurred; MURPHY, J., dissented.