14861

*IN RE*. DUNCAN'S ESTATE

DUNCAN v. DUNCAN *ET AL*.

(2 S. E. (2d), 388)

212

*Mr. E. W. Johnson,* for appellant,

*Mr. L. E. Wood,* for respondents,

April 7, 1939.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

The petitioner, hereinafter called the appellant, made application to the Probate Court of Greenville County for letters of administration of the estate of her husband, Golden Duncan, who died intestate on or about June 28, 1936, while a resident of Greenville County, South Carolina. Appellant's right to the letters of the administration was contested by the heirs of the deceased, his mother and brothers, who denied that appellant was the wife of Golden Duncan.

By agreement of counsel for all parties concerned the question of the marital status was left for the determination by the Court of Probate and pending the determination, a disinterested person was appointed administratrix, in whose hands there remains the sum of $1,000.00 for distribution among the heirs-at-law.

The appellant is no longer, under the agreement of counsel, seeking appointment as administratrix of the estate, but is now asking for her share of the estate of Golden Duncan as his widow.

It is the contention of appellant that in the latter part of 1932, she and Golden Duncan entered into a common-law marriage, which existed throughout the remainder of Golden Duncan's life, which position is not only controverted by the mother and brothers, the respondents, of the de-

ceased, but respondents further assert that even admitting a valid common-law marriage, which they deny, this marriage is rendered null and void by a prior marriage between appellant and one, Leister Grisham, in the year of 1924.

In September, 1924, the appellant married Leister Grisham, living with him in Greenville County until March, 1925, when appellant left Grisham because of mistreatment, his failure to work and to provide the necessaries of life for her. From March, 1925, until the latter part of 1930, appellant was out of the State, except when she returned to Greenville in 1929 for a short while, but since her return in 1930, she has continuously resided in Greenville County. Since March, 1925, neither the appellant, respondents, nor any of the witnesses appearing at the references in this cause have heard anything directly from or indirectly of Leister Grisham, the record being entirely silent as to his whereabouts from the date last mentioned.

Upon appellant's return to Greenville in 1930, she commenced working in the dining room of the Poinsett Hotel, and there met Golden Duncan. About Christmas time in 1932, appellant and Duncan went to Augusta, Ga., where they entered into a common-law marriage, visited Duncan's relatives and told them they were married. Shortly afterwards they returned to Greenville County and there lived as husband and wife until the death of Golden Duncan. No one, except them, knew that a civil ceremony had not been performed until Duncan revealed the fact on his death bed.

References in the cause were held before Honorable Guy A. Gullick, Judge of Probate for Greenville County, resulting in his order of September 9, 1938, wherein he stated that "petitioner (appellant) has carried the burden of proof imposed upon her and has shown with sufficient probity that she and the deceased (Golden Duncan) were married under the principles of the common law." The order then proceeds to hold that "said marriage is null and void and

of no effect" for the reason that petitioner (appellant) was admittedly married to one Grisham some years previous to her alleged marriage with the deceased Duncan, and there is nothing in the record to show that the said Grisham is dead or that there has been a divorce obtained either by petitioner (appellant) or Grisham. The Judge of Probate recognizes the presumption of death that arises from the continued and unexplained absence of a person from his home or place of residence without any intelligence from or concerning him for a period of seven years and goes on to say in his order that: "If it had appeared that the Petitioner was deserted by Grisham and that he had been unheard of for seven years prior to her marriage with Duncan, and it not appearing that Grisham is now in life, the position of the Petitioner would be correct. However, I am not in accord with the position of the Petitioner, because it appears that she deserted her first husband and absented herself."

Judge Gullick further holds this case to be controlled by Section 8568, Code of Laws of South Carolina, 1932, which section is as follows: "All marriages contracted while either of the parties has a former wife or husband living shall be void: Provided, That this section shall not extend to a person whose husband or wife shall be absent for the space of seven years, the one not knowing the other to be living during that time; nor to any person who shall be divorced, or whose first marriage shall be declared void by the sentence of a competent court."

The appellant appealed from this order to the Honorable John L. Plyler, Judge of the Greenville County Court, who affirmed the order of the Probate Court.

The appeal to this Court raises but one question, that being whether under the facts of this case the appellant has shown herself capable, legally of course, of entering into a second marriage, common-law or otherwise. The finding of the Judge of Probate that appellant and deceased

were married under the principles of the common law are unappealed from, leaving the only question for determination whether appellant can claim the advantage of the presumption of the death of her first husband, Leister Grisham, if such presumption has been proven.

This Court in a number of decisions has recognized the doctrine that for all legal purposes a presumption of death arises from the continued and unexplained absence of a person from his home or place of residence without any information from or concerning him for the period of seven years, and has held in the cases of *Woods v. Woods' Adm'rs,* 2 Bay, 476, and *Boyce v. Owens,* 1 Hill, 8, that a second marriage is valid by reason of the presumption of the death of the first husband, provided the presumption is established.

When the appellant offered evidence to the effect that the last time she saw or heard of Leister Grisham was in March, 1924; that although she resided out of the State until 1930, she remained in constant communication with her relatives in Greenville County yet received no information concerning Leister Grisham, and upon returning to Greenville County, the home of Grisham, in 1930, she received no information of or concerning the whereabouts or existence of Grisham and has not at any time since March, 1925, received any information concerning her first husband, she has then established a foundation upon which to predicate the presumption of death, which presumption "is as effective as direct proof of the fact of death, and, in the absence of proof to the contrary, may operate as *prima facie* evidence of the death. In such case, the burden of introducing evidence to show the continuance of life is placed upon those who assert that the missing person is living. The presumption of death from seven years' absence prevails over the presumption of the continuance of life." 16 Am. Jur., Section 24, page 23.

By the failure of respondents to offer evidence to rebut the presumption as established by the appellant, this presumption then operates as *prima facie* evidence of the death of Leister Grisham.

We agree with the lower Court in ruling that the presumption of death will not be indulged for the benefit of one who deserts his former spouse, removes from the jurisdiction, and again marries, but the lower Court is in error in holding that appellant deserted Leister Grisham. Although appellant left Grisham, she left him because of ill treatment and failure to provide a living, such that Leister Grisham was guilty of the act of desertion or at least constructive desertion. *State v. Bagwell*, 125 S. C., 401, 118 S. E., 767.

Where it appears that the living conditions created by the husband are such as will not require the wife to remain in those conditions with her husband, the act of desertion by the husband is just as effective as if the husband had actually departed, abandoned and deserted his wife, for the abandonment and desertion exists in substance, if not in form.

The respondents strongly contend that since appellant made no efforts to locate Leister Grisham or to determine if he was living or dead she cannot avail herself of the presumption of death. The general rule and its application is herewith quoted from 16 Am. Jur., Sec. 23, page 28: " * * * the generally accepted rule is that to raise a presumption or a *prima facie* case of death from seven years' absence, it must appear that diligent search and inquiry have been made, without result, to ascertain the whereabouts of the missing person. * * * The inquiry should embrace all reasonably patent sources of information which the circumstances of the case suggest, including an inquiry made of the persons and at the places where news of him, if living, would most probably be had. However, the places, person, and sources of information

required are only those which a reasonably prudent person under the same or similar circumstances would deem to be sufficient. * * * The question of the sufficiency of the search and inquiry is generally one of fact for determination by the jury, under proper instructions from the court. * * *."

Although appellant made no efforts to locate Grisham prior to her second marriage, yet the patent sources of information which the circumstances of this case suggest are barren and there is no evidence that inquires would have been productive of information. Appellant, in her circumstances, would not be required to conduct an extensive search, and having, during her absence from the State, corresponded with her family, learning nothing of the whereabouts of Grisham, no patent sources of information having been suggested to appellant, directly or indirectly, upon her return to Greenville County, the home and last-known residence of Grisham, in 1930, and to the date of her second marriage in December, 1932, and we may say to the present time, this Court is of the opinion that appellant has not failed to do everything which "a reasonably prudent person under the same or similar circumstances would deem to be sufficient," referring, of course, to inquiries concerning Grisham.

The section of the Code (8568) above set out would be controlling had there been any evidence that Grisham, on the date of the second marriage, or afterwards, was alive, but the presumption of his death having been established, and there being not a scintilla of testimony to the contrary, the statute cannot defeat the claim of appellant.

The decree of Honorable John L. Plyler is affirmed to the extent of holding that appellant has established a common-law marriage with Golden Duncan, but reversed in the holding and conclusion that appellant was incapacitated to legally marry Golden Duncan, and, therefore, not en-

titled to any homestead in his property, or to share as an heir-at-law in the estate of Golden Duncan, deceased.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.