WASLAW KAMINSKAS *v.* JOHN HANCOCK MUTUAL
LIFE INSURANCE COMPANY.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 8—decided November 10, 1942.

*Harold C. V. Eagan,* for the appellant (defendant).

*Elmer W. Ryan,* with whom, on the brief, was *Leon E. McCarthy,* for the appellee (plaintiff).

PER CURIAM. The plaintiff, the beneficiary named in certain policies of insurance upon the life of his brother, recovered judgment upon them against the defendant, which issued them. He relied upon the presumption of the death of his brother arising out of the latter's unexplained absence for seven years and more. The sole issue is whether the plaintiff had offered proof sufficient to justify the decision of the trial court in his favor, under the rule in *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271, 276, 142 Atl. 891. In order to give rise to the presumption, the circumstances, including the fact that a diligent search has been made, must be such as to justify the trier in drawing an inference that death is the probable reason of the absence. We cannot hold that in this case the trial court could not reasonably draw that inference. The principal claim of the defendant arises out of these facts: In 1930 the brother left Ansonia for Pennsylvania; a few months later the plaintiff received a letter from him from Brooklyn, New York; hearing nothing further, in 1933 he went to Brooklyn, made inquiries, and was told that his brother had come there in the latter part of 1930, but had disappeared; and the plaintiff took no further steps to find him until 1936. The plaintiff's failure to pursue inquiries more diligently during this period was a circumstance for the consideration of the trial court; but we cannot say that, as matter of law, it was sufficient to invalidate the inference that his continued absence was probably due to death, which must be drawn from a consideration of all the relevant circumstances, includ-

ing a diligent search beginning in 1936. *Fuller* v. *New York Life Ins. Co.*, 199 Fed. 897, 898, 118 C. C. A. 227. There is no error.