ROBERT H. THEMPER *v.* SARAH S. THEMPER.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued December 4, 1945—decided January 29, 1946.

*Charles G. Albom,* with whom, on the brief, was *David E. FitzGerald, Jr.,* for the appellant (defendant).

*Edward L. Reynolds* and *Joseph I. Sachs,* for the appellee (plaintiff).

DICKENSON, J. In this action for divorce upon the ground of intolerable cruelty the trial court found that the defendant on numerous occasions, over a period of years, unjustly accused the plaintiff, in the presence of their children and other persons, of being a thief, of going with other women and of suffering from a venereal disease; that she made these accusations in order to aggravate him and bring him into disrepute; that the defendant's conduct was cruel and intolerable and caused the plaintiff mental and physical suffering. The court rendered judgment for the plaintiff. The defendant does not deny the commission of the acts stated, but claims that her mental state at the time of their commission was such that she cannot be held responsible for them.

The trial court found that she was at all times of sound mind when she committed the acts found to constitute intolerable cruelty, that she well understood the nature of those acts and knew the difference between right and wrong, and that her conduct resulted from the free play of her will and consciousness. The evidence has not been certified and the defendant relies upon subordinate facts found to support her contention. From these it appears that the

only facts which would bear out her claims are that she was admitted to an institution for diagnosis and treatment in 1934 and was found to be suffering from manic depression, but that she was discharged within a few weeks as improved and that she made a complete recovery in that year; and that in 1939 a physician examined her, found her suffering from symptoms characteristic of manic depression and formed the opinion that she was not sane.

It thus appears that there is nothing in the finding of subordinate facts to vitiate the conclusions of the trial court unless it be the opinion of the physician who examined the defendant in 1939 that she was not sane. This, at most, is a statement of evidence, and what additional evidence the trial court had before it relevant to that issue we do not know. Evidently upon the basis of all of the evidence or of the inferences drawn from it, the court reached a conclusion contrary to the opinion of the physician or decided that the condition to which he testified was not one which had a bearing upon the acts constituting intolerable cruelty. We cannot say that the trial court was unreasonable in its conclusion that the defendant was of sound mind when she committed these acts.

In 1937 the defendant brought a civil action against the plaintiff for the recovery of personal property which she claimed he had appropriated. In that action the plaintiff claimed that his wife was insane and offered the deposition of a psychiatrist to that effect. In the instant action the defendant offered the deposition, and it was admitted for the purpose of showing that the plaintiff took the position in the earlier case that the defendant was mentally irresponsible, and that he was, therefore, estopped from now claiming to the contrary. The deposition, being no more than evidence offered in the earlier case, cannot be

used to attack the finding in this action that she was of sound mind. See *German* v. *German,* 125 Conn. 84, 89, 3 Atl. (2d) 849; *Masterton* v. *Lenox Realty Co.,* 127 Conn. 35, 37, 15 Atl. (2d) 11; *Fox* v. *Schaeffer,* 131 Conn. 439, 447, 41 Atl. (2d) 46.

The defendant, however, claims that the plaintiff by asserting and offering evidence to prove, in the earlier action between the parties, that she was insane is estopped from claiming in this action that she was of sound mind. Estoppel is based upon prejudice to the party who invokes it. *Halloran* v. *Fischer,* 126 Conn. 44, 47, 9 Atl. (2d) 290; *MacKay* v. *Aetna Life Ins. Co.,* 118 Conn. 538, 548, 173 Atl. 783. There is no finding that because of the plaintiff's position in the earlier case the present defendant, who then had judgment, was prejudiced. See *Abbadessa* v. *Puglisi,* 101 Conn. 1, 6, 124 Atl. 838. Moreover, the question of the defendant's sanity was a debatable one. That the plaintiff at the time of the earlier action believed his wife to be of unsound mind when she, in fact, was of sound mind would not bar him in this action from proving the truth of the matter. In *White Co.* v. *Citizens Bank & Trust Co.,* 110 Conn. 635, 644, 149 Atl. 133, we quoted from the earlier case of *Canfield* v. *Gregory,* 66 Conn. 9, 17, 33 Atl. 536, that "An equitable estoppel does not so much shut out the truth as let in the truth, and the whole truth."

The only other assignment of error that is necessary for us to consider relates to a ruling on evidence. The defendant offered in evidence a record kept by the city prosecuting attorney of a complaint made to him by the plaintiff. In her brief the defendant claims that this was offered for the purpose of showing that the plaintiff at that time claimed "his wife's mind was disordered." An examination of this record, marked for identification, discloses no more than statements by

the plaintiff that his wife had been in the Institute for Human Relations and had been treated by Dr. Warren T. Brown. These facts the court has found. The exclusion of the record, if erroneous, was harmless.

There is no error.

In this opinion the other judges concurred.