EDWARD D. AUGUR *v.* MARY H. AUGUR

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 1—decided October 24, 1946

*Edward S. Snyder,* for the appellant (plaintiff).

*Charles Albom,* with whom, on the brief, was *Nelson Harris,* for the appellee (defendant).

DICKENSON, J.  This is an action for divorce on the grounds of intolerable cruelty.  The trial court held that the plaintiff had failed to support the allegations of the complaint with any credible evidence, and rendered judgment for the defendant. The plaintiff has appealed on the main ground that upon the undisputed and overwhelming evidence he was entitled to judgment.

Among the facts found by the trial court are the following:  The parties intermarried in 1904.  At the time of trial they were both sixty-six years of age.  They lived a happy normal life until 1942 when the plaintiff began to pay attention to another woman and the defendant remonstrated with him about his conduct.  Thereafter, the plaintiff left the defendant without justification and continued his association with the other woman.  The plaintiff weighed about two hundred pounds and the defend-

ant about one hundred. The plaintiff assigns error because of the absence of any finding "as a fact" that there was no intolerable cruelty. The burden was upon the plaintiff to prove intolerable cruelty. The conclusion of the court that he had failed to support the allegations of his complaint with credible evidence and the absence of any affirmative finding of fact of intolerable cruelty sufficiently support the judgment. *Mercer* v. *Mercer,* 131 Conn. 352, 353, 39 A.2d 879, and see *Meech* v. *Malcolm,* 88 Conn. 720, 726, 92 A. 657; *Elwood* v. *Connecticut Ry. & Lighting Co.,* 77 Conn. 145, 147, 58 A. 751.

The plaintiff testified to numerous acts of physical abuse by the defendant and produced the testimony of other witnesses in limited support of his testimony. The defendant denied these charges seriatim and offered the testimony of an adult son who stated that he had never observed any trouble between his parents although he had lived with them practically since his birth. Conceding that the question of credibility is ordinarily one for the trial court alone, the plaintiff contends that the probabilities of the case so greatly favor the plaintiff that the trial court in reason could not disbelieve his story. As a corollary, he assigns error in the trial court's statement in its conclusions that the plaintiff's testimony was marked by an utter disregard of the oath he took as a witness.

We have always recognized that the trier has a very great advantage in determining facts because his observation is not confined to the spoken word or, as is this court, to the printed word, but he has the witness before him on the stand. "It is the peculiar province of the trial court to observe the demeanor of the parties and their witnesses and to draw infer-

ences therefrom as to the motives underlying their testimony and conduct." *Dadio* v. *Dadio,* 123 Conn. 88, 92, 192 A. 557. The bulk of the evidence consisted of accusations by the plaintiff and denials by the defendant. There is corroboration for some of the accusations in the testimony of other witnesses—an aunt of the plaintiff, a former daughter-in-law and the woman charged by the defendant with breaking up her home. It is hardly necessary to point out that the trial court might reasonably have found that these witnesses were prejudiced and have accepted the testimony of the son in support of the defendant. We find nothing in the record that would justify us in substituting the plaintiff's draft finding for the court's finding or in otherwise correcting the latter. There was neither undisputed nor overwhelming evidence which rendered the judgment unwarranted.

That the court found the plaintiff utterly unworthy of belief is no more than an expression of what is implied in the judgment. It might be added that a reading of the testimony of the plaintiff gives support to the statement. The rulings, considered in the light of the narrative statements of the court of the circumstances under which they were made, disclose no error. They relate to a question concerning a fact not in dispute, questions propounded on redirect examination which did not relate to any matters brought out on direct or cross-examination, questions apparently irrelevant or of little materiality, and a question as to a matter fully developed in later testimony of the same witness. The rulings were within the sound discretion of the trial court and we cannot say that there was an abuse of that discretion. *Brown* v. *Canty,* 115 Conn.

226, 229, 161 A. 91; *State* v. *Isaacson,* 114 Conn. 567, 571, 159 A. 483; *Crighton* v. *Jacobs,* 100 Conn. 281, 286, 123 A. 437. Or they were harmless. Conn. App. Proc., p. 22. We note in passing that in the case of two of the rulings assigned as error the trial court states that the question was answered before the objection was made and there was no motion to strike it out. If the answer followed the question so quickly that there was no fair opportunity to make the objection before the answer was given, the failure to move to strike it out did not prevent the plaintiff from claiming that the ruling was erroneous. *Hackenson* v. *Waterbury,* 124 Conn. 679, 684, 2 A.2d 215.

There is no error.

In this opinion the other judges concurred.