More and more, I have observed, do those seeking decrees for divorce on the ground of intolerable cruelty rely on so-called mental cruelty to support their petitions. It is unnecessary to argue that any type of cruelty, whether it be physical or mental, is ample, when it has reached the point of unbearability, to justify in law the dissolution of the marital bond. O'Brien v. O'Brien, 101 Conn. 80.
In cases of mental cruelty, the difficulty confronting the trier lies not so much in concluding that the conduct of the offending spouse has become unbearable, but rather is the difficulty centered on the question of whether such conduct was cruel. An excellent article by Victor M. Gordon of the New Haven County Bar, appearing in the January, 1947, issue of the Connecticut Bar Journal, has covered most, if not all the cases reported in the Supreme Court, since intolerable cruelty was added to the statute in 1843 as an additional ground for divorce. The article is well worth reading.
Cruelty includes any wilful act of a human being which inflicts unnecessary pain. Jacobs v. Jacobs, 95 Conn. 57, 61. The one word in this definition which is outstanding is the word "wilful." It connotes that the act of purported cruelty must have been intentional and deliberate. It would seem to follow, then, that only in those instances where the actor intended to inflict pain is cruelty established, and this concept may be recurrently noted in the decisions. Shaw v. Shaw, 17 Conn. 189, the first reported case following the addition of intolerable cruelty to the grounds of divorce, had this to say on the matter of proof of cruelty (p. 196): "The least that can be required. is, that it should be proved, that he [the husband] had a reasonable ground to apprehend serious injury to her health." Mrs. Shaw's petition was denied with this comment (p. 196): "The court have indeed, . . . found, that the act [of the husband] was injurious to her health, and endangered it; but it is not found, that he knew this would be the consequence."
Mayhew v. Mayhew, 61 Conn. 233, upholding a decree of the lower court and distinguishing the facts from those found in the Shaw case, says (p. 234): "It is said in that case [Shaw v. *Page 515 Shaw] that such acts might constitute intolerable cruelty if the husband had reasonable grounds to apprehend serious in jury to the health of the wife therefrom. In the present case the finding is that the acts `were attended by danger and fear, and injury to the plaintiff and to her health, and were rashly and roughly and unreasonably done; and each of them when the defendant knew the condition of the plaintiff and the suffering and injury it would be likely to inflict on her...'" See alsoMorehouse v. Morehouse, 70 Conn. 420, 427. In the recent case of Themper v. Themper, 132 Conn. 547, reference is made to the animus of the offending party, whose actions were aimed at impairing the plaintiff's reputation and hence were deliberate.
The acts of alleged cruelty in the instant case spring from the circumstance that, while in the army and stationed at a camp in Idaho, the defendant became infatuated with another and insisted on telling his wife how much he loved this other. However, there is no proof that what he did and said was prompted by a desire to hurt the plaintiff or that they might with reason cause serious injury to the health of his wife. Becoming infatuated with the girl from Idaho and telling his wife about it may have been stupid and reprehensible but it was not cruel within the legal definition of that word.
 Accordingly, the petition is dismissed. Actual notice is found.