THERESA M. KAZUKYNAS ET AL. *v.* N. C. CASCIANO AND
SONS, INC., ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, JS.

Argued October 4—decided October 31, 1961

*William R. Davis,* with whom, on the brief, were *Leon RisCassi* and *Harry G. Kaminsky,* for the appellants (plaintiffs).

*Bradley B. Bates,* with whom was *Charles W. Page,* for the appellees (defendants).

BALDWIN, C. J. This action to recover for personal injuries and property damage arose out of a collision between a dump truck owned by the named defendant and operated by its employee, the defendant Gennie Kitchens, and an automobile operated by the named plaintiff, a minor, and owned by her mother, the plaintiff Adele Kazukynas. In argument to the jury, the defendants conceded their negligence. The only assignment of error pursued by the plaintiffs is the denial of their motion to set aside the verdict for the defendants on the ground that it was contrary to the law and the evidence.

In reviewing the action of the trial court on the plaintiffs' motion, this court considers the evidence in the light most favorable to the sustaining of the verdict. *Kiss* v. *Kahm,* 132 Conn. 593, 594, 46 A.2d 337; Maltbie, Conn. App. Proc. § 189. The jury could reasonably have found the following facts: The defendants' truck was being driven in a northerly direction on the right-hand side of Willard Avenue in Newington in the early afternoon of a clear September day. As the truck approached the driveway of the Fafnir Bearing Company, located west of the avenue, a Plymouth automobile stopped in the northbound lane preparatory to making a left turn

into the driveway. The named plaintiff, hereinafter called the plaintiff, was approaching from the north, in the southbound lane. Willard Avenue, in the vicinity of the Fafnir driveway, has a hard surface twenty-six feet eight inches wide and shoulders about four feet wide on each side. The defendant Kitchens could not bring the truck to a stop because its brakes failed to function. He turned it to his left, into the southbound lane, to avoid a rear-end collision with the Plymouth. As the truck came out from behind the Plymouth, the plaintiff was fifty or more feet away. She had seen the Plymouth at a standstill, with its signal light indicating a left turn into the driveway. She was then driving at a speed of twenty miles an hour and she reduced her speed to ten to fifteen miles an hour. When the truck came into the southbound lane, she made no attempt to turn to her right. The truck passed so close to the Plymouth that its right side scraped along the left side of the Plymouth. The plaintiff, as she was driving along, was talking with two girls who were riding with her. There was enough traversable roadway to her right to afford ample room for her to turn out in order to avoid a collision.

When the truck turned into the southbound lane, the plaintiff was confronted with an emergency. Her conduct must be judged in that light. "If one is put in a perilous position created solely by the negligence of another, he cannot be held negligent if he takes such steps to protect himself as a reasonably prudent person might take under the same circumstances. That is true even though the injury might have been avoided by adopting another course." *Danehy* v. *Metz,* 140 Conn. 376, 380, 100 A.2d 843, and cases cited; *Bergstrom* v. *Ove,* 39 Wash. 2d 78, 82, 234 P.2d 548; 2 Berry, Automobiles

(7th Ed.) § 2.335; 1 Blashfield, Cyclopedia of Automobile Law and Practice, §§ 668, 670. The plaintiff made no attempt to turn one way or the other, or to stop, before the collision of her car and the truck. The jury could reasonably find that, if she had been alert and not engrossed in conversation with her friends, she could have avoided the collision. The jury could properly find, as they obviously did, that her conduct was negligent and a proximate cause of the injuries alleged. The refusal of the trial court, which saw and heard the parties and their witnesses, to disturb the verdict is entitled to weighty consideration in this court. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760.

There is no error.

In this opinion the other judges concurred.