EDWARD SITNIK ET AL. *v.* NATIONAL PROPANE CORPORATION ET AL.

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued June 4—decided July 25, 1963

*Thaddeus Maliszewski,* for the appellant (named plaintiff).

*William R. Moller,* with whom were *Edmund T. Curran* and, on the brief, *J. Ronald Regnier* and *Robert F. Taylor,* for the appellees (defendants).

BALDWIN, C. J. The plaintiff Edward Sitnik and the coplaintiffs Helen, Jacob, Zigmunt and Helen Rose Sitnik brought this action against the defendants, the Lehigh Bottled Gas Company, the National Propane Corporation, and Herman J. La-Marre, to recover for personal injuries and property damage received in an automobile accident on August 23, 1959. Edward, with the coplaintiffs as his passengers, was driving his automobile in a northerly direction on Newfield Street in Middletown when it came into collision with a truck owned by the defendant corporations and driven by La-Marre, their servant and agent. The truck was traveling in a southerly direction on Newfield

Street. By their verdict, the jury found for the plaintiffs Helen, Jacob, Zigmunt and Helen Rose, but for the defendants as to Edward. The defendants had pleaded two special defenses: (1) The accident resulted from an emergency created by a sudden stopping of an automobile in front of the defendants' truck. (2) Edward was chargeable with contributory negligence. The verdict for the co-plaintiffs was tantamount to a finding by the jury that the defendants' negligence was a proximate cause of the accident and to a rejection of the defendants' special defense of an emergency which would excuse LaMarre's conduct. Edward moved to set aside the verdict against him on the ground that it was not supported by the evidence. The court denied the motion, and Edward has appealed, claiming error in the court's ruling on the motion, in the finding, and in two rulings on evidence.

The ruling on the motion to set aside the verdict presents the single question whether the jury could find Edward chargeable with contributory negligence. We review the evidence in the light most favorable to the verdict. *Kazukynas* v. *N. C. Casciano & Sons, Inc.*, 149 Conn. 1, 2, 174 A.2d 796; Maltbie, Conn. App. Proc. § 189. The jury could reasonably find the following facts: The accident occurred in daylight on a straight section of Newfield Street. The traveled portion of the highway consisted of two lanes of concrete twenty-one feet and six inches wide, with eight-foot shoulders. A line painted white divided the two lanes. The traffic was heavy in both directions. The truck driven by LaMarre was following four or five car lengths behind a vehicle proceeding in the same direction. When this vehicle stopped, LaMarre applied his brakes, thereby causing his truck to sway to its left be-

cause of the heavy load of liquid gas in the tanks it was carrying, and to cross the center line of the highway into the northbound lane. Edward was approaching from the opposite direction at a speed estimated at twenty-five to thirty-five miles an hour. He saw the danger of an accident when he was seventy-five yards away from the truck. Just prior to the collision, he was "riding the white center line." A witness, John H. Peterson, who was driving an automobile which was following the Sitnik vehicle, saw the truck swerve from side to side and cross the center line as far as three to four feet into the northbound lane. Peterson did not see any brake lights from the Sitnik car, nor did he see Edward take any diversionary tactics to avoid the collision. From this evidence, the jury could reasonably find that Edward neither applied his brakes nor turned sufficiently to avoid the collision, although he had ample time and space to do so, and that these failures constituted negligence which was also a proximate cause of the accident. "[T]he duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger, and one is conclusively presumed to know and appreciate dangers which, under the same or similar circumstances, would have been known or appreciated by an ordinarily prudent person." *Corriveau* v. *Associated Realty Corporation*, 122 Conn. 253, 258, 188 A. 436; *Farkas* v. *Halliwell*, 136 Conn. 440, 444, 72 A.2d 648, and cases cited; see *Kazukynas* v. *N. C. Casciano & Sons, Inc.*, supra, 3. "The refusal of the trial court, which saw and heard the . . . witnesses, to disturb the verdict is entitled to weighty consideration in this court." *Kazukynas* v. *N. C. Casciano & Sons, Inc.*, supra, 4; *Giambartolomei* v.

*Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760; Maltbie, Conn. App. Proc., p. 233. There was no error in the denial of the motion.

We consider next two rulings on evidence challenged as erroneous. During Edward's cross-examination of the police officer who investigated the accident and who was produced as a witness by the defendants, Edward offered in evidence two written statements, one taken by the officer from LaMarre and the other from Edward. Edward claimed that they were competent evidence under General Statutes § 52-180 as entries made in the regular course of police department business and that they were material as bearing on LaMarre's control of the truck which he was driving. The court admitted LaMarre's statement without objection but refused to admit Edward's. Whether both statements were admissible, as claimed by Edward, under any possible application of the rule laid down in *Sheary* v. *Hallock's of Middletown, Inc.,* 149 Conn. 188, 194, 177 A.2d 680, and *D'Amato* v. *Johnston,* 140 Conn. 54, 56, 97 A.2d 893, need not be determined. Since the jury decided the issue of the defendants' negligence in Edward's favor, the ruling has become harmless. *Themper* v. *Themper,* 132 Conn. 547, 550, 45 A.2d 826; *Coast Central Mill Co.* v. *Russell Lumber Co.,* 88 Conn. 109, 112, 89 A. 898; Maltbie, Conn. App. Proc. § 23. Moreover, it was also harmless because Edward's out-of-court statement was merely cumulative in view of his earlier testimony on this issue. *Fishman* v. *Scarpa,* 149 Conn. 531, 537, 182 A.2d 410; *Lancaster* v. *Bank of New York,* 147 Conn. 566, 571, 164 A.2d 392; *Augur* v. *Augur,* 133 Conn. 211, 214, 49 A.2d 665; *Guhring* v. *Gumpper,* 117 Conn. 548, 552, 169 A. 189.

LaMarre, during his direct examination, offered

in evidence a sketch of the locale of the accident which he had begun to prepare on the witness stand during his testimony and had completed during the midday recess. It did not purport to be drawn to scale and was offered for a better understanding of the conditions and events which he was relating in his testimony. The sketch was admitted over Edward's objection that it was not drawn to scale. Such an objection went to weight rather than to admissibility. The ruling was one within the sound discretion of the court. *Fasanelli* v. *Terzo,* 150 Conn. 349, 360, 189 A.2d 500; *Capone* v. *Sloan,* 149 Conn. 538, 543, 182 A.2d 414; *Hall* v. *Sera,* 112 Conn. 291, 295, 152 A. 148.

Error has been assigned in the finding. A finding of facts claimed to have been proved by the parties was entirely unnecessary in this case. A ruling on a motion to set aside a verdict is reviewed on the evidence and not on a finding. *Vogel* v. *Sylvester,* 148 Conn. 666, 668, 174 A.2d 122; *Palmieri* v. *Macero,* 146 Conn. 705, 707, 155 A.2d 750; Maltbie, Conn. App. Proc. § 185. No errors were assigned which made such a finding as this necessary. The rulings on evidence could have been properly reviewed on a relatively simple type of finding like that outlined in Practice Book § 405. The errors assigned in the finding are immaterial. The record contains the entire lengthy charge of the court. Edward assigned no error in the charge and no error in any way related to it. It should not have been printed in the record. *Sheehan* v. *Sette,* 130 Conn. 295, 298, 33 A.2d 327.

There is no error.

In this opinion the other judges concurred.