MARIA C. BERNARD *v.* ISADORE RIBNER

KING, C. J., MURPHY, ALCORN, COMLEY and HOUSE, Js.

Argued May 7—decided June 3, 1964

*Frank DeNezzo,* for the appellant (defendant).

*Joseph E. Moukawsher,* for the appellee (plaintiff).

MURPHY, J. The plaintiff, a sixty-two-year-old neighbor of the defendant, caught her heel on a defective step and fell to the ground as she was descending the front steps of premises owned by the defendant about 9:30 p.m. on December 3, 1959. She had been watching television in the defendant's apartment as a social guest at the invitation of the defendant's wife. The jury brought in a verdict for the plaintiff which the court refused to set aside. The defendant has appealed, asserting error in the action on the motion to set aside the verdict and in the court's failure to charge in accordance with the defendant's request to charge.

From the testimony and the exhibits, the jury could not have reached a conclusion other than that the steps were defective and unsafe. The uncontradicted evidence was that there were three steps

leading from the porch to the sidewalk. They were different in height, depth and composition. The first tread as one descended was six and five-eighths inches below the porch floor; the second tread was six and seven-eighths inches below the first tread; the bottom tread was four and seven-eighths inches below the second tread and four and one-half inches above the sidewalk. The first tread measured nine and one-eighth inches from back to front, the second one, thirteen and three-eighths inches, and the bottom one, eighteen and three-eighths inches. The first tread was made of wood and the other two of concrete. There was no nosing or overhang on the latter two. The steps were not level, and the surface of the bottom tread was broken and uneven. There were no handrails at the sides of the steps. The night was dark, and the illumination was not sufficient to disclose the condition of the steps. The defendant stood in the door of his apartment as the plaintiff was leaving but did not escort her across the porch or down the steps, nor did he caution her as to the irregularities in and the dangerous condition of the steps.

The defendant claimed that the plaintiff had visited in the apartment on many occasions over the years and should have acquired knowledge of the steps. The only evidence of actual use of these steps by the plaintiff was the testimony of the defendant's wife that about two months prior to the accident, the plaintiff had used the steps on one occasion in the daytime. The plaintiff had testified that she had not been on the defendant's premises or on the front walk in ten or fifteen years except on one occasion, about two and a half years prior to her fall, when she delivered a dress to the defendant's wife. There was evidence sufficient to sustain the

verdict, and the court was not in error in denying the motion to set it aside. *Sitnik* v. *National Propane Corporation,* 151 Conn. 62, 65, 193 A.2d 503.

The only other assignment of error which the defendant has pressed concerns the refusal of the court to charge in accordance with the defendant's request to charge. It is unnecessary to discuss the matter in detail. The request to charge sought, in one paragraph, to have the court instruct the jury to disregard valid allegations of negligence as well as some which did not apply to this case. Error cannot be predicated on the refusal to comply with a request which is inconsistent with law. *Urbansky* v. *Kutinsky,* 86 Conn. 22, 28, 84 A. 317; *Allen* v. *Lyness,* 81 Conn. 626, 629, 71 A. 936; see also Practice Book, 1963, § 252; *Chapin* v. *Popilowski,* 139 Conn. 84, 88, 90 A.2d 167. We have examined the charge minutely and find that it conforms to the law as laid down by this court on the duty owed by a landowner to a social guest on his property. See *Hennessey* v. *Hennessey,* 145 Conn. 211, 212, 140 A.2d 473, and cases cited.

There is no error.

In this opinion the other judges concurred.