MARY BORZAGE *v.* METROPOLITAN LIFE INSURANCE COMPANY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-682-34010

Argued October 6, 1969—decided January 30, 1970

*John F. Murphy, Jr.,* of Hartford, for the appellant (defendant).

*Arnold H. Klau,* of Hartford, for the appellee (plaintiff).

KOSICKI, J. The plaintiff is the beneficiary on three insurance policies on the life of her husband, Max Borzage. In her substituted complaint, on which the case was tried before a jury, the only allegations seriously disputed concerned the unexplained disappearance and absence of Max Borzage as giving rise to a presumption that he had died on December 24, 1959, seven years after his unexplained disappearance.

After the plaintiff rested, the defendant moved for a directed verdict, which motion the court denied. The defendant offered no evidence through its own witnesses, and the case was submitted to the jury, which returned a verdict for the plaintiff to recover $6700. The defendant immediately filed a motion to set aside the verdict as being contrary to law, against the evidence, and excessive. On oral argument of its motion, the defendant abandoned the claim that the verdict was excessive and, on appeal, waived its claim that the verdict was contrary to law. Thus the only assignment of error before us on appeal is whether the trial court erred in denying the defendant's motion to set the verdict aside because the verdict is not supported by the evidence. The defendant has based its appeal on the insufficiency, as a matter of law, of the plaintiff's offering of the evidentiary prerequisite that the insured's absence be unexplained.

"In reviewing the court's action, we first consider whether, on the evidence in the case, a directed verdict for the . . . [defendant] would have been proper. . . . In deciding the primary question, we

give the evidence the most favorable construction in support of the verdict of which it is reasonably capable. *Petrillo* v. *Bess,* 149 Conn. 166, 167 . . . ; *Kerrigan* v. *Detroit Steel Corporation,* 146 Conn. 658, 660 . . . ." *Hemmings* v. *Weinstein,* 151 Conn. 502, 503, 504. "We review the evidence in the light most favorable to the verdict. *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2 . . . ; Maltbie, Conn. App. Proc. § 189." *Sitnik* v. *National Propane Corporation,* 151 Conn. 62, 64. " 'The refusal of the trial court, which saw and heard the . . . witnesses, to disturb the verdict is entitled to weighty consideration in this court.' " Id., 65; Maltbie, Conn. App. Proc., p. 233.

From an examination of the transcript of evidence, it appears that the jury were entitled to find the following facts. Max Borzage was married to the plaintiff in 1927, and the family lived in Hazelton, Pennsylvania, from 1929 until after the time of his disappearance. He was a bricklayer and stonemason by trade. In late 1941 or 1942, at the beginning of World War II, Borzage left Hazelton to work at the Pentagon and was employed there; later he engaged in his own business in Washington, D.C. During a period of ten years, until Christmas in 1952, his visits to his home, wife and children were of decreasing frequency. After Christmas in 1952, he left home and was never heard from again by his wife, his father, his brother, or two of his adult sons. The wife continued to make payments of premiums on all three insurance policies on the life of Max Borzage, and it is conceded that the policies are not in default.

No proof of death could be furnished, and the plaintiff relies solely on the common-law rule giving rise to a presumption of death from an unexplained absence of seven years. To establish a presumption of death under the common law, arising out of a

disappearance and unexplained absence of seven years, the plaintiff must allege and prove an unexplained absence, a diligent search for the insured, and circumstances justifying the conclusion that death is the probable reason for the absence.

The presumption of death arising from an unexplained absence of seven years is not a presumption of law but a rule of reasoning. "It is an inference from the fact of the absence of seven years or more taken in connection with all the circumstances showing that, although diligent investigation has been made by the person seeking to prove the fact of death the fact of the absence remains 'unexplained.' The inference must reasonably follow from the fact of absence and the circumstances of diligent investigation that death is the probable reason for the absence. The burden of proving that the absence is 'unexplained' for this period is upon the person seeking to prove the fact of death, and unless diligent efforts have been made to find the absent one his absence cannot be held to be 'unexplained.' " *Potter* v. *Prudential Ins. Co.,* 108 Conn. 271, 276, 277.

There was evidence which, if believed by the jury, would be sufficient to establish the following facts. After the unexplained disappearance of Max Borzage in 1952, the plaintiff engaged an attorney and paid her to go to Washington to find her husband. The attorney's inquiries and search proved unavailing. The plaintiff also kept in contact with the family of Max Borzage, who attempted to find him in 1956 and thereafter.

From this evidence the jury could infer that, considering the plaintiff's financial circumstances and the burdens of raising her family and supporting herself and her family, her efforts were diligent and there was little else she could do to establish

the fact of probable death. Moreover, it appears from the trial transcript that the defendant conceded that a diligent search had been made by the plaintiff.

It appears from the record that, at the request of the defendant, the plaintiff, on January 9, 1967, filled out and signed a "disappearance questionnaire." Apparently, no independent investigation was attempted by the defendant, and the plaintiff testified that she had never heard from the defendant. At the time of trial in May, 1969, Max Borzage had not been heard from or located, and nothing had been discoverable concerning his continued existence, for sixteen and one-half years. At that time, if living, he would have been sixty-seven years of age. The physical mortality of man is an uncontestable fact. If the defendant did not pursue search or inquiry, the jury might reasonably have concluded that it had good reason not to do so; and, if so, it was equally proper for the wife not to extend her search for her missing husband. *Albert* v. *Metropolitan Life Ins. Co.*, 10 Conn. Sup. 33, 37. In the cited case, the court held that the efforts of the plaintiff to find an absent insured were sufficient to warrant a finding that the absence was unexplained.

The defendant, apparently in reliance upon its policies, stressed the necessity of proof of death by production of a death certificate. In its defense, it emphasized certain hypotheses, such as Borzage's lack of moral stability, nonsupport of his family, and previous convictions, as casting doubt on the inference to be drawn from his disappearance and long-continued unexplained absence. The answer, if any is needed, to the defendant's claim of insufficient proof of diligent inquiry by the plaintiff to justify the jury's verdict may be found in *Kaminskas* v. *John Hancock Mutual Life Ins. Co.*, 129 Conn. 394,

395, where the court said: "The plaintiff's failure to pursue inquiries more diligently during this period was a circumstance for the consideration of the trial court; but we cannot say, as matter of law, it was sufficient to invalidate the inference that his continued absence was probably due to death, which must be drawn from a consideration of all the relevant circumstances, including a diligent search . . . . *Fuller* v. *New York Life Ins. Co.*, 199 Fed. 897, 898, 118 C.C.A. 227." In the *Fuller* case, where the jury's verdict was for the defendant, the judgment was reversed on appeal because of prejudicial error in the court's instructions to the jury. The court said (p. 900): "All disputed facts must ultimately be submitted to the determination of the jury. If a dispute exists concerning a fact, or a relevant inference from a fact, the judge must leave the jury free. He may not himself decide the dispute or draw the inference." See *In re Duncan's Estate,* 190 S.C. 211, 217; *Tyrrell* v. *Prudential Ins. Co.,* 109 Vt. 6; note, 115 A.L.R. 404.

The presumption of death is that the absent person's life ceased or that his death occurred at the expiration of the seven-year period. "Fortifying logical deductions of fatality is that diligence of search failed to uncover any clue to his whereabouts. The time element is also important as affording an inference of death shortly before discovery of his disappearance. The inference or presumption of continued existence of any particular fact, including that of life, steadily diminishes in force with a lapse of time. 22 C.J. 86. The probabilities of nonexistence drawn from the circumstances increases as the factual presumption decreases." *Pacific Mutual Life Ins. Co.* v. *Meade,* 281 Ky. 36, 43.

We have consulted the court's memorandum of decision, which is a part of the record, denying the

defendant's motion to set aside the verdict. This we are empowered to do in order to determine the basis of the judgment. *Smith* v. *State,* 139 Conn. 249, 251. The court agrees with the defendant's claim that Max Borzage's disappearance, in its initial phase, may have been explainable; but his long-continued absence did not adequately present a situation where the issues of fact, as a matter of law, had to be withdrawn from the jury. The court's instructions to the jury were not attacked as being erroneous, and the verdict cannot be disturbed.

There is no error.

In this opinion DEARINGTON and KINMONTH, Js., concurred.