JOSEPHINE DREHER *v.* JULIE E. SMITH, EXECUTRIX
(ESTATE OF FREDERICK J. SMITH).

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued October 5, 1945—decided January 3, 1946.

*Robert L. Halloran,* with whom, on the brief, was
*Thomas J. Hagarty,* for the appellant (defendant).

*Joseph E. Klau,* with whom, on the brief, was *William M. Pomerantz,* for the appellee (plaintiff).

ELLS, J. Two automobiles collided at the intersection of Garden and Greenfield Streets in Hartford. In the resulting litigation the jury returned a verdict for the plaintiff upon her complaint and the defend-

ant's cross-complaint, and the defendant has appealed from the trial court's denial of a motion to set aside the verdict and from the judgment. The original defendant died prior to trial, and the executrix of his estate was substituted as the party defendant, but for convenience he will be referred to as the defendant. His negligence is not in dispute, and the principal question is whether, upon the whole evidence of the case, the plaintiff must be held to have been guilty of contributory negligence as a matter of law.

A summarized statement of facts which the jury reasonably could have found is as follows:

The plaintiff was driving her car closely behind a Ford dump truck with high sideboards which was proceeding southerly on Garden Street, near its westerly curb, at about fifteen miles an hour. The day was clear and the pavements were dry. Because of this slow speed her Ford coupe began to buck, she was afraid she would run into the truck, and at a point about two hundred feet north of where Greenfield Street comes into Garden Street from the west she drew from her position in back of the truck and came up on the left of it so that the front of her car was even with the rear wheels of the truck. She was familiar with the intersection which she was approaching and knew that Greenfield Street was a stop street. She said she depended on an assumption that if there was anything coming on Greenfield Street the truck driver would stop and she would have time to stop. She testified that "after a second or so I noticed that the truck drew away from me toward the right . . . and the next thing I knew this car came out from Greenfield Street. I kept going straight ahead, of course, and I thought the truck goes into Greenfield Street . . . I put my brakes on but I was too near . . . I only had about fifteen feet to avoid him . . .

I jerked [the wheel] to the left . . . but he was too near me, so I hit his front." After she drew up alongside the truck she could not see whether there was any traffic coming from her right, and she did not see the defendant's car until it was about fifteen feet away. There is a stop sign on Greenfield Street; Garden Street is a through highway. The defendant's car was being driven easterly on Greenfield Street. The defendant did not look to his left as he proceeded into the intersection or slacken his speed, and he failed to stop at the prolongation of the westerly property line of Garden Street. When the truck driver was about thirty feet from the corner he saw the hood of the defendant's car rolling out to the line of the crosswalk; he did not know whether it would stop and when he saw that it did not he applied his brakes and pulled sharply into Greenfield Street. The defendant's car cleared the truck by about three feet.

Ordinarily a conclusion of negligence or of freedom from it is one of fact. It is only when the conduct under investigation is so manifestly contrary to that of the reasonably prudent man, or so plainly and palpably like that of such a man, that the general rule, what a man of ordinary prudence would or would not do under the circumstances, may be applied as a matter of law. *Skovronski* v. *Genovese*, 124 Conn. 482, 484, 200 Atl. 575. The principal claim of the defendant is that the reliance of the plaintiff on the truck driver constituted negligence as a matter of law. This fact is not decisive, for there were other relevant factors bearing on the plaintiff's conduct. The plaintiff could to some extent at least assume that if any car was approaching from the right and had the right of way the truck driver would stop and yield it. She could also reasonably assume that any driver approaching on the cross street would stop before entering the

throughway and, if he had stopped, would not drive out in front of the oncoming truck. The jury could reasonably have found that the plaintiff's car had the right of way over the defendant's car. There was evidence also that the corner in question was somewhat obscured by a bank on the north side of Greenfield Street, and that the truck driver had a better view down the cross street than the plaintiff could have, even if she had continued to follow behind the truck.

We conclude that the plaintiff's conduct was not so manifestly contrary to that of the reasonably prudent person in her situation that she can be held to be guilty of contributory negligence as a matter of law.

The defendant made seventeen requests to charge. With one exception, his brief merely states that he made the requests and cites authority to support each of them. Such an incidental reference to them imposes no duty upon us to examine them. The one request which is discussed in the brief relates to a statement of what the law would be in the event that the jury should find that there was no property line which would be reasonably observable by the defendant. The charge as given was a substantial compliance with the request.

There is no error.

In this opinion the other judges concurred.