JAMES ATTARDO *v.* ALBERT A. AMBRISCOE

BALDWIN, C. J., KING, MURPHY and SHEA, Js.[1]

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued October 11—decided December 6, 1960

*Helen F. Krause,* for the appellant (plaintiff).

*Kevin T. Gormley,* with whom were *Joseph J. Mager* and, on the brief, *Martin E. Gormley,* for the appellee (defendant).

SHEA, J. This action was brought on behalf of the plaintiff, a minor, by his father and next friend to recover for personal injuries alleged to have been sustained through the defendant's negligence. The jury returned a verdict for the plaintiff which the trial court set aside, and judgment was rendered for the defendant notwithstanding the verdict. Practice Book § 234. The plaintiff has appealed.

The jury reasonably could have found the following facts: The plaintiff, a boy seven years of age, resided with his parents in a house across the street from property of the defendant on which the defendant was constructing a dwelling house. On July 22, 1952, about 7:30 p.m., the plaintiff and three other children were playing tag in the defendant's house. Construction had reached the stage where the frame had been completed. It was daylight at the time. The defendant's employees had finished work for the

day and there was no one around the property. There were no temporary doors or barricades over the unfinished doorways, and no signs were posted to warn people to keep out. The plaintiff fell through an open stair well which had been provided for the stairs leading to the cellar. He sustained serious injuries. Before the day of the accident, children had played around the construction work, but the evidence does not show how often or for what period of time they had played there. In any event, none of them went on the premises while the defendant or his workmen were present. A number of children lived in the neighborhood. There was a schoolhouse about 600 feet from the defendant's property, but school was not in session at the time.

Ordinarily, the owner of property is not bound to anticipate and provide for the presence of trespassers, since he may properly assume that they will not be there. When, however, the owner knows or should know that children are likely to trespass on a part of his property on which he maintains a condition which is likely to be dangerous to them, he may be held liable for harm resulting to them therefrom. *Wolfe* v. *Rehbein*, 123 Conn. 110, 113, 193 A. 608. The property owner is not bound to anticipate the presence of children by reason of the fact that a structure or other artificial condition on his land is one which would be likely to attract children. But if he knows or should know that they are likely to trespass, he is bound to anticipate their presence and to refrain from maintaining a condition likely to be dangerous to them because of their propensities for intermeddling and their failure to realize the risk involved. Restatement, 2 Torts § 339, comment a. It is only when the owner knows, or is chargeable with knowledge of, the likelihood that children will trespass on

his property that he is under a duty to exercise due care not to do them injury. *McPheters* v. *Loomis,* 125 Conn. 526, 533, 7 A.2d 437.

In the present case, the defendant had no actual or constructive knowledge that children played on his property. It is true that where one has sufficient information to lead him to the knowledge of a fact, he is chargeable with knowledge of it. Full and adequate means of knowledge ordinarily are, in law, equivalent to knowledge. *Bond Rubber Corporation* v. *Oates Bros., Inc.,* 136 Conn. 248, 252, 70 A.2d 115; *Myers* v. *Burke,* 120 Conn. 69, 75, 179 A. 88. Children had played around the defendant's house when the defendant and his workmen were away from the place. On occasion, the defendant, after he finished work, went by the house to see whether there was anyone disturbing the property and to check on the material stored there. At no time did he see any trespassers. No information concerning the presence of children was brought to his attention. Furthermore, we have no evidence as to the time when the construction began or over what period children were known to engage in play around it. The case is distinguishable, on its facts, from *Wolfe* v. *Rehbein,* supra, on which the plaintiff relies. There the evidence showed that children were accustomed to playing around the pile of lumber on the defendant's property and that the defendant knew that they were there every day and told their parents that he would keep an eye on them. *Wolfe* v. *Rehbein,* supra, 112. Here, there was nothing indicating either directly or by inference that the defendant knew of the presence of children upon his property while the house was under construction.

The burden was on the plaintiff to prove a breach of duty by the defendant in order to establish a basis

for recovery. The ultimate test of the duty is to be found in the reasonable foreseeability of harm resulting from a failure to exercise reasonable care. *Botticelli* v. *Winters,* 125 Conn. 537, 542, 7 A.2d 443. This does not mean foreseeability of any harm whatsoever or foreseeability of the particular injury which happened. The test is: Would the ordinarily prudent man in the position of the defendant, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result? *Noebel* v. *Housing Authority,* 146 Conn. 197, 201, 148 A.2d 766.

On the facts, the defendant could not be charged with that reasonable anticipation of harm which would be the basis of liability in negligence here. Reasonable care does not require that one must guard against eventualities which, at best, are too remote to be reasonably foreseeable. *Noebel* v. *Housing Authority,* supra, 202; *Goldberger* v. *David Roberts Corporation,* 139 Conn. 629, 632, 96 A.2d 309. Although the law requires property owners to guard against probable dangers, it does not require them to anticipate and guard against all possibility of danger. 2 Stevenson, Law of Negligence in the Atlantic States, p. 653. The defendant did not know, nor did he have any knowledge of facts which would charge him with knowledge, of the likelihood that children would trespass upon his property. The trial court was correct in setting aside the verdict and in granting the motion for judgment notwithstanding the verdict. *Senderoff* v. *Housatonic Public Service Co.,* 147 Conn. 18, 21, 156 A.2d 517; *Robinson* v. *Southern New England Telephone Co.,* 140 Conn. 414, 420, 101 A.2d 491.

There is no error.

In this opinion the other judges concurred.