THOMAS J. PETRIZZO ET AL. *v.* COMMERCIAL CONTRACTORS CORPORATION

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued February 3—decided March 17, 1965

*Morris W. Mendlesohn,* with whom was *Charles Henchel,* for the appellant (defendant).

*James R. Greenfield,* for the appellee (named plaintiff), with whom, on the brief, was *Francis J. Moran,* for the appellee (plaintiff Northeast Coastal, Inc.).

ALCORN, J. The plaintiff Thomas J. Petrizzo sued to recover damages for personal injuries sustained when steel beams, which had been loaded on a truck by the defendant, fell from the truck as they were being unloaded. Petrizzo claimed that his injuries were due to the defendant's negligence in improperly loading the truck. The defendant pleaded special defenses of contributory negligence and assumption of risk and has appealed from the judgment rendered on a verdict for Petrizzo. Error is assigned in rulings on evidence, in the court's refusal

to charge as requested, and in the denial of the defendant's motions to set aside the verdict and for judgment notwithstanding the verdict. Some of the basic facts appear in the opinion in *Commercial Contractors Corporation* v. *American Ins. Co.*, 152 Conn. 31, 33, 202 A.2d 498.

We consider first the errors assigned in the court's refusal to charge as requested and in the rulings on evidence, both of which must be tested by the finding. Petrizzo claimed to have proved the following facts: He went to work about 8 a.m. on October 3, 1956. He drove his employer's empty tractor-trailer truck to Bridgeport where the defendant was demolishing a building. The trailer was thirty-two feet long, eight feet wide and of a flatbed type with no sides, but with fifteen stakes on each side. He left the trailer to be loaded by the defendant while he engaged in other work for his employer and rested two or three hours. During the day, the defendant loaded the trailer with two piles of steel of varying lengths, shapes and sizes, one pile in the front half and the other in the rear half of the trailer. On top of them, seven I beams, each thirty to thirty-five feet long and each weighing about one and one-half tons, were laid. To load the steel in this way was improper and unsafe, and Petrizzo so informed the defendant's president. The latter insisted that the load was safe and threatened to speak to Petrizzo's boss and have him "fired" unless he drove it to Wilmington, Delaware. Between 5 and 8 p.m. Petrizzo "washed up", ate his supper and, about 8 p.m., started with the load, for Wilmington. The load did not shift on the way, and he arrived at his destination at about 4 o'clock the next morning. He was unable to enter the yard where the load was to be delivered until about noon, and so he slept

in the truck until then. After entering the consignee's yard, he removed chains with which the load was strapped and removed about five stakes from one side of the trailer. The load thereupon shifted, and some of the steel fell from the trailer and struck and injured Petrizzo. Before removing the chains or starting to knock out the stakes, he had no reason to believe the steel was likely to fall, and it would not have fallen if it had been properly loaded.

The defendant claimed to have proved the following facts: The steel was properly and safely loaded in accordance with standard practice. If it had been improperly loaded, neither chains nor stakes nor both would have held it if it shifted during transit. Petrizzo had no difficulty during the 200-mile trip from Bridgeport to Wilmington over a route containing curves and hills. The load arrived at its destination in apparently safe condition and in the same position in which it left Bridgeport. The defendant had nothing to do with the unloading. The consignee, and not the truck driver, is expected to do the unloading. The safe procedure is to secure the steel with a cradle or sling attached to a crane before removing either chains or stakes. The stakes are a safety factor and should never be removed from the load. Nevertheless, Petrizzo removed the chains and started to hammer out the stakes before any cradle or sling had been attached to the load, knowing that the load was unsafe.

The defendant assigns error in the court's refusal to give sixteen requests to charge. Seven of them relate to the issue of Petrizzo's contributory negligence, four relate to the foreseeability of injury or harm, three relate to the assumption of risk, one concerns Petrizzo's experience as a truck driver,

and another, the applicability of General Statutes § 14-274. None requires extended discussion. In its brief the defendant states only that the requests to charge should have been given because of the authorities cited in them. This imposes no duty on us to examine them. *Dreher* v. *Smith,* 132 Conn. 472, 475, 45 A.2d 712. The requests, in their several groupings, violate § 252 of the Practice Book in attempting to state, in different forms, the same principle of law as applied to a single issue. Vital issues in the trial concerned Petrizzo's actions in undertaking to remove the chains and stakes on the truck preparatory to unloading the steel, as bearing on the special defenses of contributory negligence and assumption of risk. The court charged in nearly the precise language of many of the requests. The charge which the court gave on the issues of contributory negligence and assumption of risk was accurate and adequate for the guidance of the jury. *Doe* v. *Saracyn Corporation,* 138 Conn. 69, 75, 77, 82 A.2d 811. The requests to charge on the foreseeability of harm were inaccurate statements of the law, but the correct principle was charged by the court. *Noebel* v. *Housing Authority,* 146 Conn. 197, 201, 148 A.2d 766; *Attardo* v. *Ambriscoe,* 147 Conn. 708, 712, 166 A.2d 458. The defendant requested a charge that, in determining whether the defendant exercised due care in loading the trailer, the jury should consider Petrizzo's "considerable experience" as a truck driver. That request was properly refused since there was no support for it in the claims of proof in the finding. *Pischitto* v. *Waldron,* 147 Conn. 171, 176, 158 A.2d 168. Finally, the defendant requested a charge based on General Statutes § 14-274, which relates to the working hours of commercial motor vehicle operators in

Connecticut. The court correctly refused the request both because it incorrectly stated the purport of the statute and because the claims of proof failed to support the statute's applicability. *Boileau* v. *Williams,* 121 Conn. 432, 438, 185 A. 429.

We turn then to the six claims of error in the rulings on evidence. The rulings fall into three classes. In the first, Petrizzo was asked on cross-examination whether it made any difference to the defendant whether the steel was sent in one truck or in ten trucks. The court excluded the question on the ground that it called for an answer concerning matters not within the witness' knowledge. The ruling was correct. Two rulings dealt with the issue of assumption of risk. Petrizzo was asked on re-direct examination whether he had any reason to believe that the load was going to fall when he was taking the chains off the load or when he was hammering the stakes out of the side of the trailer. Each question was objected to on the ground that the answer called for Petrizzo's opinion on an ultimate issue for the jury. The court admitted each question. The questions followed testimony by Petrizzo that the load was unsafe based on his observation as to how it lay on the truck. The purport of each question was to elicit Petrizzo's mental processes, as bearing on his comprehension of any risk. Petrizzo's comprehension of the risk was a material issue, and the rulings were correct. *Dean* v. *Hershowitz,* 119 Conn. 398, 412, 177 A. 262; *Reynolds* v. *Vroom,* 132 Conn. 53, 57, 42 A.2d 336; see also *MacLaren* v. *Bishop,* 113 Conn. 312, 314, 155 A. 210. The third class of rulings concerned questions addressed to a defense witness as to unloading procedures, and the objection to each was that the question had nothing to do with the allegation of negli-

gence in the complaint, which, as indicated above, was that the defendant had negligently and improperly loaded the truck. In overruling each objection, the court correctly pointed out that the testimony was relevant to other aspects of the case. Quite clearly, an inquiry into correct unloading procedures had a bearing on Petrizzo's alleged contributory negligence, which was a vital issue in the case. The rulings were correct. Actually, the answers elicited would appear to have been more harmful to Petrizzo than to the defendant.

The remaining assignments of error attack the denial of the motion to set aside the verdict, which the defendant claimed was not supported by the evidence as to liability, and the denial of the motion for judgment notwithstanding the verdict. We test the court's action in these respects by the evidence printed in the appendices to the briefs. *Smith* v. *Housing Authority*, 144 Conn. 13, 14, 127 A.2d 45. The defendant does not go so far as to concede that there was evidence from which the jury could have found the steel to have been negligently loaded. It does, however, lay the chief emphasis for its claimed freedom from liability on the grounds that it could not be charged with foreseeing the harm which befell Petrizzo, that Petrizzo's injury was due to his own negligence, and that Petrizzo assumed the risk of injury. The defendant asserts that it could not reasonably be held to have foreseen that Petrizzo would undertake to remove the chains and stakes until the steel, which he knew was not safely loaded, had been secured, that Petrizzo's injuries were due to his own negligence in loosening the chains and starting to remove the stakes on the side of the truck, and that he assumed any risk in so doing.

For the attack on the court's refusal to set aside the verdict to succeed, it must appear that the evidence furnished no reasonable basis for the jury's conclusion that the defendant was negligent and that the defendant had failed to sustain its burden of proving that Petrizzo was chargeable with contributory negligence and had assumed the risk of what befell him. *Kronish* v. *Provasoli,* 149 Conn. 368, 370, 179 A.2d 823. In our approach to that issue, the evidence must be given the most favorable construction to which it is reasonably entitled in support of the verdict. *Petrillo* v. *Bess,* 149 Conn. 166, 167, 179 A.2d 600; *Kazukynas* v. *N. C. Casciano & Sons, Inc.,* 149 Conn. 1, 2, 174 A.2d 796. The jury were confronted with conflicting evidence at every point. The choice of the more credible evidence was for them to make. *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596.

From the evidence offered, the jury could reasonably have found that the steel was not properly loaded on the truck, that, when not properly loaded, the steel could shift, slide or fall off, and that if the load started to slide sideways the side stakes were incapable of holding it. The defendant's claim is that it could not be held liable for Petrizzo's injury in the absence of proof that it knew or should have known that someone might remove the stakes from the side of the load. On the contrary, it was the danger of the load shifting and the consequence of injury to anyone within range of harm from such shifting which the defendant must be held to have foreseen. The true test is whether the ordinary prudent person in the defendant's position, knowing what it knew or should have known, would have anticipated that harm of the general nature of that suffered by Petrizzo was likely to result from the

manner in which the steel was loaded. *Noebel* v. *Housing Authority,* 146 Conn. 197, 201, 148 A.2d 766; *Attardo* v. *Ambriscoe,* 147 Conn. 708, 712, 166 A.2d 458. The evidence demonstrates that the jury could reasonably have found that there was, in the case, that foreseeability of harm resulting from a failure to exercise reasonable care in loading the truck sufficient to establish a basis for Petrizzo's recovery in negligence.

The questions as to Petrizzo's contributory negligence and assumption of risk were issues of fact for the jury's determination. *Lutzen* v. *Henry Jenkins Transportation Co.,* 133 Conn. 669, 673, 54 A.2d 267; *Rescigno* v. *Rosner,* 124 Conn. 253, 255, 198 A. 751; *Dean* v. *Hershowitz,* 119 Conn. 398, 413, 177 A. 262; *Gipstein* v. *Kirshenbaum,* 118 Conn. 681, 687, 174 A. 261. While the two defenses operate in distinct fields, the narrow factual situation applicable to both in this case does not require individual treatment. The defendant claims only that in loosening the chains and removing the stakes Petrizzo was at once negligent and assumed the risk of the steel falling on him. There was evidence from which the jury could have found that while Petrizzo believed the load to be unsafe when he left Bridgeport, he had no reason to believe that it was going to fall as he was taking the chains off or as he started to knock out the stakes. There was evidence that he had followed the same procedure on previous occasions and that the load looked safe enough to remove the stakes. The jury could have further found that if the truck was properly loaded, the removal of a few stakes from one side would not cause the load to shift. There was testimony that since the load had traveled 200 miles without shifting, the indications were that it was a safe load.

The jury could reasonably have inferred that, even though Petrizzo originally believed that the steel had been improperly loaded, the fact that it had traveled without incident over hills and curves for a distance of 200 miles justified him in assuming that he could, with safety, remove the chains and stakes. *Andrea* v. *New York, N.H. & H.R. Co.,* 144 Conn. 340, 344, 131 A.2d 642. The court properly denied the motions to set aside the verdict and for judgment notwithstanding the verdict.

There is no error.

In this opinion the other judges concurred.