STEPHEN GOMES ET AL. *v.* SEBASTIANO ZOCCO ET AL.

ALCORN, HOUSE, THIM, RYAN and COVELLO, Js.

Argued October 6—decided November 21, 1967

*Robert A. Platt,* with whom was *Donald J. Deneen,* for the appellant (named defendant).

*William J. Butler,* for the appellee (named plaintiff).

THIM, J. The present cause of action was brought on behalf of the named plaintiff, hereinafter referred to as the plaintiff, under § 22-357 of the General Statutes. This statute, subject to certain exceptions not here relevant, imposes liability on the owner of a dog for damages done by that dog. It was alleged that in the early evening of November 26, 1961, the plaintiff, while he was walking in front of a building owned by the named defendant, hereinafter referred to as the defendant, at 451 Ann Street in Hartford, was chased by a dog owned by the defendant. In fear, the plaintiff ran into Ann Street, where he was struck by a car. It was claimed that the defendant, as the owner of the dog, was liable for the personal injuries which the plaintiff sustained as a result of being struck by the car. See *Malone* v. *Steinberg,* 138 Conn. 718, 723, 89 A.2d 213. The defendant denied that it was his dog which chased the plaintiff.

The case was tried to a jury. At the trial, the plaintiff and another witness identified a picture of the defendant's dog as the dog which had chased

the plaintiff into the street. The defendant, for his part, introduced a number of witnesses, all of whom testified that the defendant and his dog were in Old Saybrook at the time and date of the occurrence. The case then went to the jury, which returned a verdict for the plaintiff. The court denied the defendant's motion to set the verdict aside and rendered judgment on the verdict. The present appeal followed. The defendant's sole assignment of error is that the court erred in refusing to set aside the verdict.

The defendant contends that the plaintiff's oral description of the dog which chased him was so completely inconsistent with the true description of the defendant's dog that the jury could not have believed the plaintiff when he identified a picture of the defendant's dog. The defendant contends that, absent the plaintiff's testimony regarding identification, there was no credible evidence to support the verdict and that the court erred in refusing to set it aside. This contention is without merit for two reasons. First, the plaintiff testified that he was chased by a black dog with brown paws and a white front. An examination of a color photograph of the defendant's dog which was introduced into evidence demonstrates that the plaintiff's oral description of the dog was, in fact, quite accurate and not, as the defendant claims, wholly inconsistent with the actual appearance of the dog. Second, the defendant's argument ignores the fact that the plaintiff did not seek to recover solely on the basis of his own testimony. The plaintiff introduced another witness who was at the scene of the accident. This witness positively identified the picture of the defendant's dog as the dog which had chased the plaintiff into the street.

The defendant claims that, because the verdict was manifestly and palpably against the weight of the evidence, the jury must have been motivated by bias, prejudice or other improper motives. He claims that the jury could have been improperly influenced by his wealth, his demeanor as a witness, his occasional difficulty with the English language and the fact that he and the other witnesses who testified in his behalf all have a single ethnic background.

It is certainly true that the defendant introduced more witnesses than did the plaintiff. It is not, however, our function to review cases by counting witnesses. Nor is it our function to retry the facts or to pass upon the credibility of witnesses. *Romaniello* v. *Dyna Distributors, Inc.,* 154 Conn. 605, 606, 227 A.2d 430. It is for the jury to gauge the credibility of witnesses and to decide the facts of the case. *Petrizzo* v. *Commercial Contractors Corporation,* 152 Conn. 491, 499, 208 A.2d 748; *Martino* v. *Palladino,* 143 Conn. 547, 548, 123 A.2d 872. Our primary concern is to determine whether the trial court abused its discretion in refusing to set aside the verdict. *Hook* v. *Dubuque,* 153 Conn. 113, 114, 214 A.2d 376; *Desmarais* v. *Pinto,* 147 Conn. 109, 110, 157 A.2d 596. "We determine upon the evidence whether the trial court, in exercising a large discretion, could legally act as it did, not whether we, upon the same evidence, would take the same action. From the vantage point of the trial bench, a presiding judge can sense the atmosphere of a trial and can apprehend far better than we can, upon the printed record, what factors, if any, could have improperly influenced the jury. *Zullo* v. *Zullo,* 138 Conn. 712, 715, 89 A.2d 216; *State* v. *Hayes,* 127 Conn. 543, 554, 18 A.2d 895; *Loomis* v. *Perkins,* 70

Conn. 444, 447, 39 A. 797." *Butler* v. *Steck,* 146 Conn. 114, 119, 148 A.2d 246.

The factors which the defendant claims may have improperly motivated the jury could best be evaluated by the trial court. It refused to set aside the verdict. We find nothing to indicate that it abused its discretion in so refusing.

There is no error.

In this opinion the other judges concurred.