[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO SET ASIDE THE VERDICT
The plaintiff pursuant to Section 320 of the Practice Book has moved to set aside the jury verdict in favor of the defendant entered on July 26, 1990.
During the trial, on cross-examination of the plaintiff, Barbara Bodin, the defendant was permitted to ask whether the plaintiff had made any claims against parties other than the named defendant, and against whom such claim was made.
It is the plaintiff's contention that these questions are prohibited by the provisions of Conn. Gen. Statutes Sec. 52-216a
which reads:
 [a]n agreement with any tortfeasor not to bring legal action or a release of a tortfeasor in any cause of CT Page 2879 action shall not be read to a jury or in any other way introduced into evidence by either party at any time during the trial of the cause of action against any other joint tortfeasor, nor shall any other agreement not to sue or to release a claim among any plaintiff's or defendant's be read or in any other way introduced to a jury.
Plaintiff claims that the statute was designed to prevent such questions.
The statute specifically prohibits the introduction or reading of a release of claim or agreement not to sue being offered into evidence. No such covenant or release was introduced in this case. The jury was instructed that they were not to speculate or to surmise as to the disposition of any claim made. The questions which were objected to by the plaintiff could pertain to both the credibility of the plaintiff and the issue of control of the premises.
The plaintiff next claims that the Court failed to charge the jury in accordance with her request concerning the intervening acts of third parties at the hearing on this Motion, the plaintiff did not present to the Court a transcript of the entire charge. The defendant argued that the requested charge, was given, in essence, to the jury. The Court agrees with the recollection of the defendant.
The verdict rendered by the jury was a general verdict. Neither party requested interrogatories. The general verdict provides that, if a jury renders a general verdict for one party, and no party requests interrogatories, it will be presumed that the jury found every issue in favor of the prevailing party. Finley v. Aetna Life Casualty Co., 202 Conn. 190, 202 (1987)
In determining a Motion to Set Aside a Verdict, the Court must consider the evidence most favorable to sustaining the verdict. Petrizzo v. Commercial Contractors Corp., 152 Conn. 491,499 (1965)
This case involved a "mugging" in a garage leased by the lessee, Schwartz Parking, Inc., who hired the defendant Company, an independent contractor, to provide security for the premises. The jury could reasonably have found that because of the large area to be patrolled, the defendant had advised and requested of Schwartz that the defendant be permitted to bring at least one additional guard and a vehicle to more safely and quickly patrol the premises and that this request was refused.
The one who employs an independent contractor to work in CT Page 2880 the careful performance of a task from which injuries will naturally and probably result unless precautions are taken, is under a duty to see that such precautions are taken. Darling v. Barrone Bros., Inc., 162 Conn. 187 (1972).
The jury could reasonably have found that Schwartz was under a duty to provide the defendant with the means to provide the additional security for the parking garage because the ultimate control of the premises was with Schwartz and not with the defendant.
For these reasons, the plaintiff's Motion to Set Aside the Verdict is overruled and DENIED.
HAROLD M. MISSAL, STATE TRIAL REFEREE