[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
On July 9, 1991, the plaintiff, Kerry S. Kopazna, a United States postal carrier, filed a complaint against the defendants, CT Page 10917 Leigh A. Dawid and Susan Dawid, pursuant to General Statutes 22-357, known as the "dog bite" statute.
In a single count, the plaintiff alleges that at approximately 1:00 p.m. on August 4, 1989, she was delivering mail to the defendants at 499 Welch's Point Road in Milford, Connecticut. She further alleges that the defendants' dog suddenly attacked her, causing her to sustain substantial physical and emotional injury and to suffer economic loss. The plaintiff also alleges that she was neither teasing, tormenting or abusing the dog, nor was she committing a trespass or a tort. She now seeks money damages.
On July 18, 1991, the defendants filed their answer to the complaint, closing the pleadings.
On October 10, 1991, the plaintiff filed this motion for summary judgment as to liability on the ground that 22-357 imposes absolute liability on the defendants under the facts of this case. The plaintiff also filed a memorandum of law and an affidavit of the plaintiff in support of her motion.
On November 8, 1991, the defendants filed a memorandum of law in opposition to that motion. The defendants also filed a photocopy of the medical report of the physician who examined the plaintiff after the alleged incident occurred, and a photocopy of an unsworn statement of a witness to the alleged incident.
"Summary judgment is a method of resolving litigation when pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wilson v. New Haven, 213 Conn. 277, 279, 567 A.2d 829 (1989).
"The party moving for summary judgment bears the burden of proving the absence of a dispute as to material fact." Strada v. Connecticut Newspapers, 193 Conn. 313, 317, 477 A.2d 1005 (1984). "To satisfy the burden, the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Esposito v. Wethered, 4 Conn. App. 641, 644, 496 A.2d 222 (1985).
"A party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." Connell v. Conwell, 214 Conn. 242, 246-47, 571 A.2d 116
(1990). Failure of the nonmovant to file responsive documentation may result in the court relying on the movant's documents and granting summary judgment based on those documents. Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 459 A.2d 115 (1983). CT Page 10918
The facts presented must be viewed in the light most favorable to the nonmovant. Rawling v. New Haven, 206 Conn. 100, 104, 537
A.2d (1988).
General Statutes 22-357 provides, in pertinent part:
 If any dog does any damage to either the body or property of any person, the owner or keeper . . . shall be liable for such damage, except when such damage has been occasioned to the body or property of a person who, at the time such damage was sustained, was committing a trespass or other tort, or was teasing, tormenting or abusing such dog.
Damages done by a dog have long been held to include those resulting from the act of protecting oneself from attack. See Gomes v. Zocco, 155 Conn. 566, 236 A.2d 90 (1967); Malone v. Steinberg, 138 Conn. 718, 89 A.2d 213 (1952); Granniss v. Weber,107 Conn. 622, 141 A. 877 (1928).
"[Section 22-357] creates a cause of action that did not exist at common law. To recover, a plaintiff must bring herself clearly within its provisions." Schowald v. Tapp, 142 Conn. 719, 722,118 A.2d 203 (1956).
In her affidavit, the plaintiff attests that while delivering mail to the defendants, the defendants' dog charged towards her. She further attests that she then began to walk backwards, fell, and struck her head on the pavement. Plaintiff also attests that she did nothing to incite the dog to attack her.
The defendants present supporting documentation by way of a copy of the medical report which makes no reference to the presence of a dog and the unsworn statement of a witness who in essence states that the plaintiff was not threatened by the dog and that she fell of her own accord.
The defendants argue in their memorandum that the claims in plaintiff's affidavit are conclusory and not substantiated by any facts alleged in her complaint. They assert further that while the plaintiff is relying on the strict liability aspect of C.G.S. 22-357, the factual issue of proximate cause of the plaintiff's injuries is not eliminated thereby.
It is not the province of the court at this stage to determine what weight a trier of fact might ultimately give to testimony and evidence reasonably anticipated to be produced at trial, but only whether such presents a genuine issue of material fact for such trier. CT Page 10919
Sufficient conflicting facts relating to the question of causation are present in this matter so as to make the remedy of summary judgment inappropriate.
Accordingly, the plaintiff's motion for summary judgment is denied.
MAIOCCO, J.