[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the Plaintiff, Columbia Ford, Inc., a car dealership, sues the defendant, David Donaldson, d/b/a the Busiewicz-Donaldson Agency, an insurance agency, for damages allegedly sustained by the plaintiff because the insurance agency negligently failed to inform the plaintiff, as agent for the Ford Motor Credit Company Corporation (FMCC), that the insurance agency was declining to insure and terminating temporary auto insurance for Daniel Poitras, a debtor of FMCC by virtue of credit extended to finance the purchase of a 1985 Ford Mustang from the plaintiff. A trial was had to the court on October 31, CT Page 12475 1995.
The court finds the following facts. On February 23, 1993, Poitras negotiated an agreement with the plaintiff to purchase a 1985 Ford Mustang for $3500.00. Poitras was to pay a portion of the purchase price in cash and the remainder through credit extended to him by FMCC. Before credit would be forthcoming, however, Poitras had to acquire and show proof of adequate collision insurance coverage for the Mustang. To satisfy this requirement. on that same day, Poitras applied through the defendant for such coverage with the Nationwide Insurance Company. In his application Poitras denied the existence of any financing arrangement with FMCC despite direct inquiries about financing by the insurance agency. Poitras also lied about his driving history when he told the insurance agency that he had a clean motor vehicle record. Based on this false information, the insurance agency issued to Poitras a binder providing temporary insurance coverage for the Mustang as well as an insurance card. Poitras showed the insurance card and binder agreement to the plaintiff's salesman who then consummated the sale, with FMCC financing a portion of the purchase price.
On that same day, the insurance agency followed its standard practice and requested a motor vehicle record check from the Department of Motor Vehicles. On March 2, 1993, the requested record was received by the insurance agency, which record disclosed Poitras' lengthy history of motor vehicle violations including two convictions for driving under the influence of intoxicating liquor or drugs. The agency immediately contacted Poitras and required that he come to the agency's office. Poitras complied and was informed that no insurance policy would be issued, that the binder agreement coverage was terminated that day, and that Poitras had to return the insurance card, which he did. Poitras' deposit was returned to him by the insurance agency. Neither FMCC nor the plaintiff were informed of the termination of coverage.
During July 1993, FMCC repossessed the Mustang because Poitras was delinquent in his payments to FMCC. Upon repossession it was apparent that the Mustang had sustained extensive damage since Poitras acquired it. The cost of repairs is around $3,000.00. The plaintiff had an agreement with FMCC regarding credit sales, which agreement contains a "with recourse" clause obligating the plaintiff to repurchase the Mustang upon repossession. The plaintiff repurchased the car for $3163.81. CT Page 12476 FMCC assigned its rights surrounding the financing arrangement and repossession to the plaintiff.
The plaintiff contends that the defendant insurance agency owed a duty to notify it, as representative of the lienholder, FMCC, of the agency's action declining insurance coverage for the Mustang on March 2, 1993. The ultimate test of any duty of care is found in the reasonable foreseeability of harm resulting from a failure to exercise care. Attardo v. Ambriscoe, 147 Conn. 708,712 (1960). The court must determine what an ordinarily prudent party in the insurance agency's position would know and reasonably anticipate, Id. "Reasonable care does not require that one must guard against eventualities which, at best, are too remote to be reasonably foreseeable," Id.
The plaintiff's contention is premised on the fact that the insurance agency knew or should have known of the financing arrangement Poitras had with FMCC. There was conflicting testimony and evidence on this point at trial. The burden of proving the existence of a duty owed by a defendant is on the plaintiff. Id., 711. The court finds that the plaintiff has failed to satisfy the burden of proving by a preponderance of the evidence that such a duty existed in this case. The court finds that the insurance agency, because of Poitras' deception, was unaware of the financing arrangement with FMCC. The purchase agreement given to Poitras by the plaintiff which Poitras showed to the defendant's employee was devoid of any reference to financing. Poitras lied to that employee when she pointedly asked him about any financing. The court finds that the defendant was never told of the arrangement with FMCC by anyone. Lacking knowledge of the existence of the lienholder, no duty arose requiring the defendant to inform the plaintiff of its decision to discontinue insurance coverage as of March 2, 1993. Without a duty, there can be no liability.
Judgment may enter for the defendant.
SFERRAZZA, J.